JAMES D. ROBINSON *et al. vs.* John B. STUART *et als.*

Sagadahoc. Decided January 16, 1878.

*Bills of lading. Shipping. Evidence.*

Bills of lading are transferable by indorsement.

The owners of a vessel are liable *in solido* for its debts.

The admissions or statements of a defendant, who is a competent witness but does not testify, must be regarded as true when neither contradicted nor in any way modified by other testimony.

ON REPORT.

ASSUMPSIT, for money had and received. Date of writ, August 22, 1871. The plaintiffs alleged that in August, 1865, they shipped on board the bark Savannah, at Bath, of which one Stinson was master, 95 tons of hay of the value of $2600, to be transported to New Orleans to be sold by Stinson; that in his capacity of ship master, he sold the hay for $2586.07, and that deducting freight and cargo, there was a balance of $1026.87 in the hands of the captain, which amount was received by the defendants as owners, whereby they became liable and in consideration thereof promised. One of the defendants, T. J. Southard, a sixteenth owner, at the April term, 1877, pleaded the general issue.

The evidence tended to show that the bills of lading were made out to one Houdlette, who furnished most of the hay, and were by him assigned to the plaintiffs; that the captain used the money in disbursing the expenses of the vessel.

*H. Tallman & J. S. Baker,* for the plaintiffs.

*W. T. Hall & J. W. Spaulding,* for the defendant, Southard, contended in substance that the facts relied on by the plaintiffs were not sufficiently proved by legal evidence ; that it was a hard case, that their client, the only responsible owner of a small share, who had received none of the money, should be held to pay the whole bill. But little force should attach to the plaintiff's testimony of Southard's admissions, made so long ago, or to the circumstance that Southard did not take the stand to deny statements attributed to him ten years before.

APPLETON, C. J.   It appears that one James Houdlette, having a bill of lading of a quantity of hay shipped on board the bark Savannah for New Orleans, indorsed the same to the plaintiffs, who thus as between them and Houdlette acquired a good title to the hay.   Bills of lading are transferable by indorsement and pass the title to the indorsee.   *Winslow* v. *Norton*, 29 Maine, 419.   There is nothing in the evidence which discloses any right on the part of the defendants to contest the plaintiff's title.

The owners of a vessel are liable *in solido* for its debts. 1 Parsons on Shipping and Admiralty, 100.

The defendant Southard was a part owner of the bark to the extent of one-sixteenth.   The other owners do not defend.   It does not appear whether they are living or within the state.   No plea in abatement has been filed.   Judgment, therefore, must be rendered for the amount due against such of the owners as are parties and upon whom due service has been made.

The hay was sold at New Orleans by the master, who was consignee, and the proceeds applied to disburse the expenses of the vessel.   The plaintiffs testify that they called on the defendant Southard, who did not contest the liability of the owners of the bark but referred him to H. S. Hagar, the ship's husband, by whom the business relating to the vessel had been transacted. Hagar, upon being called upon, admitted the liability of the vessel. The statements and admissions of Southard as testified to by the plaintiffs not having been denied or in any way modified, must be taken as true.

*Defendants defaulted.*

WALTON, DICKERSON, BARROWS, DANFORTH and PETERS, JJ., concurred.