## THE PEOPLE v. JAMES H. HARRIS.

*Criminal law—Larceny—Value of property—Charge to jury.*

1. The testimony of the owner, in a prosecution for the larceny of a cow, that he paid $50 for her a short time before she was stolen, and of a man then employed by the respondent, and who assisted him in trying to make a sale of the cow, that respondent told him to ask $30 or $40 for her, is sufficient to go to the jury upon the question of the value of the animal, and that it was in excess of $25.

2. An instruction in a larceny case, which in substance informs the jury that the respondent is charged with feloniously stealing, taking, and carrying away a cow, the property of another, and from his possession, of the value of $50, sufficiently describes and defines the charge made in the information, and states what acts are necessary to be done, and with what intent, to constitute the crime of larceny.

3. Where on the trial of a larceny case there is no testimony tending to show that the property is worth less than $30, it is unnecessary to instruct the jury that stealing property worth less than $25 will not constitute the offense charged.

4. A statement in a charge in a larceny case, made after the court had impressed upon the jury the gravity of the offense, and the care they should exercise in their deliberations, that the judge might take it upon himself to discharge the respondent, with which, however, the jury had nothing to do, is an unfortunate one, and is liable to provoke indifference in a proper discharge of the duty of the jury, prejudicial to respondent, and, as the court cannot certainly know but that such was the result, a new trial should be granted.

Error to Wayne. (Brevoort, J.) Argued October 24, 1889. Decided November 8, 1889.

Respondent was convicted of larceny, and sentenced to 18 months' imprisonment. Reversed, and new trial granted. The facts are stated in the opinion.

*Peter E. Park,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *James V. D. Willcox,* Prosecuting Attorney, for the people.

[The points of counsel are stated in the opinion.— REPORTER.]

SHERWOOD, C. J. The respondent was informed against in the Wayne circuit court in two counts. The first count charges him with the larceny of a cow of the value of $50, and in the second he is charged with receiving the stolen property, knowing it to have been stolen. On the trial the respondent was convicted upon the first count, and sentenced to imprisonment for 18 months. The charge of the court only is complained of in this Court.

It is claimed the court should have charged the jury that there was no sufficient evidence of the value of the property, or that it was worth more than $25. The owner of the cow was sworn, and testified that but a short time before she was stolen he paid $50 for her; and at the time the respondent was trying to sell the cow he told the man who was in his employ, and assisting him in making the sale, to ask $30 or $40 for her. We think this was sufficient to go to the jury upon that point.

Respondent's counsel excepts to the charge because it does not sufficiently describe and define the charge made in the information, or state what acts are necessary to be done, and with what intent, to constitute the crime of larceny, and of which the defendant was found guilty.

It is difficult to conceive of a jury selected from the citizens of Detroit, under the statute prescribing the manner of selecting them in Wayne county, so ignorant as not to understand, when told by a court that the information charges the respondent with feloniously stealing, taking, and carrying away a cow, the property of another

and from his possession, of the value of $50, that such facts constituted the crime of larceny. This is in substance what the judge did tell the jury in this case, and it was sufficient upon that point.

There was no testimony in the case showing the property worth, or tending to show it worth, less than $30, so that it was unnecessary to tell the jury that stealing property worth a less amount than $25 would not constitute the offense charged.

No requests were made to the court to charge by respondent's counsel, nor were any special findings asked or made.

The portion of the charge most complained of, however, is. that wherein the court, after he had impressed upon the jury the gravity of the offense, and the care they should exercise in their deliberations, said to the jury:

"I may take it upon myself to discharge this man. With that, however, you have nothing to do."

It is claimed that this was seriously prejudicial to the rights of the respondent; that the court really had no intention of so doing, but the statement was of a character well calculated to induce the jury to believe that it was unimportant what verdict they should give, as a new trial or discharge by the court would be the result. This statement in the charge was an unfortunate one. It was liable to provoke indifference in a proper discharge of the duty of the jury, prejudicial to respondent, and we cannot certainly know but that such was the result; and in such case a new trial should always be granted.

The verdict and judgment must therefore be set aside, and another trial awarded.

The other Justices concurred.