[No. 10224.   Department Two.   September 17, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. ELMER
DRUMMOND, *Appellant.*[1]

HOMICIDE—PREMEDITATION AND MALICE—JUSTIFICATION—EVIDENCE
—QUESTION FOR JURY.   In a prosecution for homicide, the questions
of malice and premeditation and justification are for the jury, where
it appears that defendant and deceased had quarreled the day be-
fore over an obstruction in the road, that defendant admitted that
he shot the deceased, whose body shortly after the shooting was
found in a large pool of blood near his hat in the road, and that
some ninety-six steps away was an empty cartridge, and the tracks
of three persons lead away therefrom, but no footprints were found
near the body, and the defendant and the two other witnesses testi-
fied that deceased first attacked them in a threatening manner as
though about to draw a pistol, when defendant shot twice, and
that after the second shot the deceased turned and walked away
out of sight and they did not know that he was mortally wounded.

HOMICIDE — JUSTIFICATION — REDUCTION OF DEGREES — BURDEN OF
PROOF.   The killing being admitted, the burden of proving justifi-
cation or reducing the crime to manslaughter is upon the defend-
ant.

HOMICIDE—PREMEDITATION AND MALICE—EVIDENCE—INSTRUCTIONS.
It not being necessary that there be direct and positive evidence of
premeditation or malice, instructions thereon are properly given if
those elements could be inferred from the circumstances proven.

HOMICIDE—EVIDENCE—ADMISSIBILITY.   In a homicide case, the
shirt worn by the deceased at the time he was shot, in the same
condition as when removed from the body, is admissible in evidence.

SAME—EXPERT EVIDENCE.   In a homicide case, where defendant
claimed that deceased attacked him and walked away after being
shot, the evidence of a physician describing the wound in detail
and stating his opinion as to how far deceased could have walked
after receiving it, is admissible.

WITNESSES—IMPEACHMENT — REBUTTAL — CREDIBILITY.   After ac-
cused had denied that he and his codefendants had rehearsed their
testimony in detail, evidence in rebuttal to show that the statement
was untrue, is admissible, within the discretion of the court, as
affecting their credibility.

[1]Reported in 126 Pac. 541.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered September 26, 1911, upon a trial and conviction of murder in the second degree. Affirmed.

*J. A. Rochford* and *Albert I. Kulzer* (*Robertson & Miller* and *T. J. Corkery*, of counsel), for appellant.

*Howard W. Stull* and *Herman T. Wentz*, for respondent.

Mount, J.—Elmer Drummond, on June 10, 1911, shot and killed William E. Flynt, in Stevens county. He and two other defendants were charged by information with the crime of murder in the first degree. Defendant Elmer Drummond was tried separately, and was convicted of murder in the second degree. He appeals from the judgment pronounced upon the verdict of the jury.

Several errors are alleged, which are argued in the briefs under four different points which we shall notice in their order. It is first claimed that the evidence is insufficient to sustain the verdict. We have carefully read the evidence, which shows without dispute that the appellant, on the morning of June 10, 1911, between the hours of ten and eleven o'clock, shot and killed the deceased; that appellant, on the day before the killing, had some difficulty with the deceased over an obstruction which appellant and his brother had placed in a road. The deceased compelled the appellant to assist in removing this obstruction. On the day of the killing, the deceased was, with a horse, dragging some poles from a slashing near the line which divided the farms of the deceased and of the appellant's father. At about ten o'clock, the deceased dragged a load of poles down to his house and returned for another load. After he had been gone a short time, his wife saw the horse come back without the deceased. Mrs. Flynt then went up the road and found her husband lying in the road dead, about two hundred yards from the house, with a bullet hole in his breast. No tracks were visible

beyond the body.    Some ninety-six steps beyond the body, an empty cartridge was found near the road, and foot prints of three different persons lead away from near that point.    The appellant, soon after eleven o'clock a. m. of that day, told a neighbor, living about a mile from the scene of the shooting, that he —appellant— had had some trouble with Mr. Flynt and had gotten the better of him, and advised the neighbor to go up there, that he might be needed.    The appellant then went to the town of Chewelah, and found an officer to whom he stated that he had shot Mr. Flynt, and gave himself into the custody of the officer.

No eyewitness to the shooting was called by the state.    The fact of the quarrel on the day before, the fact that no foot prints were found near the body, the admission of the appellant that he had done the shooting, the absence of blood-stains on the road except one small spot near the body of the deceased, the fact that a large pool of blood was found where the deceased lay, the fact that the wound was a mortal wound, on account of which the deceased could not have gone ninety-six steps after he received the wound, the fact that the light straw hat which deceased wore was found near his head where the body lay, and the fact that the foot prints of three different persons led away from the point where the empty cartridge was found, were relied upon by the state to show that the deceased had been waylaid and cruelly murdered. These circumstances no doubt tended to prove malice and premeditation.    They were therefore sufficient to go to the jury.

All three defendants testified, in substance, that Mr. Flynt first attacked them; that while Mr. Flynt was dashing toward the appellant in an angry and threatening manner, with his hand in a position as though he were attempting to get a pistol, the appellant shot twice at the deceased; that after the second shot, deceased turned and walked away and around a point in the road out of sight, and that they did not know he was mortally wounded.    This, of course, presented

an issue for the jury, whether the killing was done in malice and with premeditation or whether it was justifiable. The case was clearly one for the jury under these facts. The killing being admitted or proved beyond a doubt to have been done by the appellant, the burden of justifying his act or reducing the crime to that of manslaughter was upon him. *State v. Ware*, 58 Wash. 526, 109 Pac. 359; *State v. Clark*, 58 Wash. 128, 107 Pac. 1047, and cases there cited.

Appellant next argues that the court erred in defining murder in the first and second degrees, for the reason stated, that there was no evidence of premeditation or design. These elements of the crime might well be inferred from the circumstances above. stated. It is not necessary that there should be direct and positive evidence of either premeditation or malice. This is elementary.

Appellant next argues that the court erred in permitting the shirt worn by the deceased at the time he was killed to be received in evidence. The shirt was clearly and positively identified as the one worn by the deceased at the time he was killed. It was therefore properly received. *State v. Cushing*, 14 Wash. 527, 45 Pac. 145, 53 Am. St. 883; *State v. Churchill*, 52 Wash. 210, 100 Pac. 309. When this evidence was offered and received, no objection was made that the shirt was not in the same condition at that time that it was when removed from the body.

It is argued that the court erred in permitting the physician who examined the deceased after death, and who described the wound in detail, to state in his opinion how far the deceased would walk after receiving the wound. This was clearly competent. 17 Cyc. 73; *State v. McLaughlin*, 149 Mo. 19, 50 S. W. 315.

After defendant had denied on cross-examination that he and his codefendants while in jail had rehearsed their testimony to be given in the trial of the case, a witness was called in rebuttal to show that this statement of the defendant was untrue; that he had rehearsed his testimony while in the jail.

This was a matter affecting his credibility, and therefore proper and within the discretion of the trial court. *State v. Klein,* 19 Wash. 368, 53 Pac. 364; *State v. Bailey,* 67 Wash. 336, 121 Pac. 821.

We find no error. The judgment is therefore affirmed.

CHADWICK, FULLERTON, ELLIS, and CROW, JJ., concur.