[No. 11823.   Department Two.   April 25, 1914.]

THE STATE OF WASHINGTON, *Respondent,* v. DAN HART,
*Appellant.*[1]

CRIMINAL LAW—TRIAL—INSTRUCTIONS—DEGREES OF OFFENSE—AS-
SAULT.  Where, upon a trial for first degree assault, all the evidence
tended to show either a first or second degree assault, or none at all,
the defendant is not entitled to have the jury instructed on the sub-
ject of third degree assault.

Appeal from a judgment of the superior court for Yakima
county, Grady, J., entered March 4, 1912, upon a trial and
conviction of second degree assault.  Affirmed.

*G. G. Lee* and *C. F. Bolin,* for appellant.

*Harold B. Gilbert,* for respondent.

PARKER, J.—The defendant was, by information filed in the
superior court for Yakima county, charged with the crime
of assault in the first degree, as being committed upon one
Duren with a deadly weapon, to wit, a club, and with intent
to kill Duren.  A trial before the court and a jury resulted in
verdict finding the defendant guilty of assault in the second
degree, upon which he was sentenced to the penitentiary.  He
has appealed to this court.

Contention is made that the evidence was insufficient to sus-
tain the conviction.  We think the only answer necessary to
this contention is that the testimony was conflicting and of
such nature as to make the question of the defendant's guilt
clearly one for the jury.  We think it was ample to sustain
the conviction.

The principal contention of counsel for appellant is that
the trial court erred in its instruction to the jury, which, in
effect, limited the jury's finding to one of three verdicts:
"not guilty," "guilty of assault in the first degree," and
"guilty of assault in the second degree," it being insisted that

[1] Reported in 140 Pac. 321.

8—79 WASH.

appellant was entitled to have the question of his guilt of assault in the third degree also submitted to the jury. All of the evidence which in any degree tended to show an assault by the defendant upon Duren was to the effect that the assault was made in a very violent manner, resulting in a number of serious wounds being inflicted upon Duren; and made by appellant with a club held in his hand, with which he struck Duren, which club was in size about one by three inches, and in length about sixteen inches. There is no evidence whatever in the record tending in any degree to show an assault·of any other nature. Manifestly, this was either an assault in the first degree; that is, an assault with intent to kill, by some means likely to produce death (Rem. & Bal. Code, § 2413 [P. C. 135 § 321]); or an assault in the second degree; that is, an assault with the club as a weapon and an infliction of grievous bodily harm thereby upon Duren (Rem. & Bal. Code, § 2414 [P. C. 135 § 323]); or there was no assault made of any nature, as is claimed by appellant. Under these facts, appellant could, in no event, have been found guilty of assault in the third degree. Our decision in *State v. Kruger*, 60 Wash. 542, 111 Pac. 769, deals with a situation which involves this exact question in principle. Clearly, the court did not err in submitting to the jury the question of appellant being guilty of assault in the third degree, there being no evidence whatever upon which a verdict so finding could be permitted to stand. Other claimed errors are briefly presented, but we deem it sufficient to say that we consider them without merit and not calling for discussion.

The judgment is affirmed.

CROW, C. J., MOUNT, and MORRIS, JJ., concur.

FULLERTON, J., concurs in the result.