[No. 13567. Department One. January 13, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. T. GRANT REYNOLDS, *Appellant*.[1]

CRIMINAL LAW—LESSER DEGREES—ASSAULT IN SECOND DEGREE—INSTRUCTIONS. In a prosecution for assault by shooting another with a pistol, in which the accused admitted the shooting and claimed that it was done in self-defense, which constitutes assault in the second degree under Rem. Code, § 2414, subds. 3 and 4, relating to wilfully inflicting grievous bodily harm upon another or assaulting another with a weapon likely to produce bodily harm, it is reversible error to submit an instruction upon the subject of assault in the third degree; since accused was either guilty of assault in the second degree or not at all, even if grievous bodily harm was not inflicted.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered February 24, 1916, upon a conviction of assault in the third degree, after a trial upon an information charging assault in the second degree. Reversed.

*John T. Mulligan* and *S. H. Kelleran*, for appellant.

*Burt J. Williams*, *N. A. Pearson*, and *A. N. Corbin*, for respondent.

MAIN, J.—The defendant in this case was charged by information with the crime of assault in the second degree. The trial resulted in a verdict of assault in the third degree. From the judgment entered upon the verdict, the defendant appeals.

The statute (Rem. Code, § 2414), so far as here material, defines assault in the second degree as follows:

"Every person who, under circumstances not amounting to assault in the first degree— . . .

"(3) Shall willfully inflict grievous bodily harm upon another with or without a weapon; or

[1]Reported in 162 Pac. 358.

"(4)   Shall willfully assault another with a weapon or other instrument or thing likely to produce bodily harm . . . "Shall be guilty of assault in the second degree . . ."

The charging part of the information was as follows:

"That the said T. Grant Reynolds, in the county of Chelan, state of Washington, on the 20th day of November, 1915, then and there being, did then and there unlawfully, willfully, and feloniously inflict grievous bodily harm upon the body of one H. B. Ridgely, with a weapon, to wit, a pistol, then and there loaded with powder and bullets, which he, the said T. Grant Reynolds, then and there had and held, and did then and there unlawfully, willfully and feloniously with said pistol shoot at, towards, and into the body of said H. B. Ridgely, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

By comparing this information with the statute quoted, it will be seen that it charged assault in the second degree, both under subdivisions three and four.   The evidence of the state shows that, at the time specified in the information, the appellant, with a pistol, shot at, towards, and into the body of Ridgely, inflicting a flesh wound in one thigh.   The appellant, in his testimony, admits that he shot at, towards, and into the body of Ridgely, with a pistol, but claims that the shooting was done in self-defense.

The trial court, in its instructions, submitted to the jury the included offense of assault in the third degree.   The only question here for determination is whether it was error to submit the question to the jury whether the appellant was guilty of assault in the third degree.   In law, assault in the third degree is included within a charge of assault in the second degree, but where a defendant is charged with assault in the second degree, the question whether he is guilty of assault in the third degree should not be submitted to the jury unless the facts of the particular case are such that they will sustain a conviction of assault in the third degree.   In *State v. Kruger,* 60 Wash. 542, 111 Pac. 769, the defendant

was charged with assault in the second degree. The court submitted to the jury, as an included crime, assault in the third degree, when there was no evidence supporting the crime of assault in the third degree. It was there said:

"Appellant was guilty as charged, or he was not guilty. The evidence leaves no zone of speculation or room for compromise. But it is contended that assault in the second degree includes assault in the third degree, and that the court was warranted in submitting that crime to the jury, and that the verdict was sustained. It is true that the greater includes the less, but the defendant is not guilty of either unless the testimony brings him within the definition of a crime. It was never the intent of the law to submit a possible verdict upon a so-called included crime because included in law. It must be included in fact, and by the facts of the particular case."

In *State v. McConaghy*, 84 Wash. 168, 146 Pac. 396, the defendant was charged with the crime of assault in the first degree. The trial resulted in a verdict of guilty of assault in the second degree. The trial court in that case declined to give a requested instruction submitting to the jury the question of defendant's guilt of assault in the third degree. It was there said:

"Appellant, by her own testimony, clearly admits that she shot at Matlack with intent to hit and injure him. She was questioned, and answered upon cross-examination as follows:

" 'Q. When you fired that shot at Matlack where did you aim to hit him? A. I did not have no particular place to hit him because I aimed to stop him. Q. You just fired to hit him? A. Yes, sir.'

"This, it seems to us, precludes the possibility of appellant being guilty of any other offense than that of assault in either the first or second degree. As to which of these she was guilty of, it seems plain was determinable by her intent. Assuming that she was not justified in the shooting, as the jury found, if she intended to kill Matlack she would be guilty of assault in the first degree, while if her intent was only to inflict upon him bodily injury by shooting him, a revolver being an instrument likely to produce bodily harm, she would be guilty of assault in the second degree. We see

no room for argument that any other verdict than one of these two, or a verdict of not guilty, could be rendered against appellant."

See, also, to the same effect: *State v. Harsted,* 66 Wash. 158, 119 Pac. 24; *State v. Ash,* 68 Wash. 194, 122 Pac. 995, 39 L. R. A. (N. S.) 611; *State v. Hart,* 79 Wash. 225, 140 Pac. 321; *State v. Wilson,* 83 Wash. 419, 145 Pac. 455.

Applying the doctrine of those cases to the present case, it was error to submit to the jury the question of the appellant's guilt of assault in the third degree. He was either guilty of assault in the second degree, as charged, or he was not guilty. If he shot at, towards, and into the body of the complaining witness, with a pistol, as the state's evidence shows and he admits, he is guilty of the crime as charged (unless the shooting was in self-defense), regardless of the question whether grievous bodily harm was inflicted upon Ridgely. Subdivision four of the statute above quoted makes one willfully assaulting another with a weapon likely to produce bodily harm guilty of assault in the second degree, even though grievous bodily harm may not be inflicted by such assault. In the case of *State v. Davis,* 72 Wash. 261, 130 Pac. 95, under the facts stated in the opinion, an issue upon the trial was whether grievous bodily harm had been inflicted upon the complaining witness, and it was there held that that was a question for the jury. In the case now under consideration, under the charge in the information, and under the evidence, the appellant was guilty of assault in the second degree, even though grievous bodily harm was not inflicted, unless the shooting was done in self-defense. The *Davis* case, though decided after the *Kruger, Harsted* and *Ash* cases, does not refer to those cases nor modify the doctrine thereof.

The judgment will be reversed, and the cause remanded for a new trial.

ELLIS, C. J., MORRIS, CHADWICK, and WEBSTER, JJ., concur.