[Nos. 14497, 14498. Department One. December 5, 1917.]

J. C. WHITE, *Appellant*, v. C. T. SANDERS, *as Auditor of Grant County, Respondent.*

D. C. THIEMENS, *Appellant*, v. C. T. SANDERS, *as Auditor of Grant County, Respondent.*[1]

APPEAL—REQUISITES FOR TRANSFER—TIME FOR "PERFECTING." Rem. Code, § 4940-14, providing for the "perfecting" of an appeal in recall proceedings within 15 days after the decision, does not contemplate that all the proceedings, statement of facts, abstract and briefs shall be served and filed within that time; but only requires that the appeal be perfected by the giving of notice and the filing of a bond.

Motions to dismiss appeals from judgments of the superior court for Grant county, Mitchell, J., entered September 24, 1917. Denied.

[1]Reported in 168 Pac. 1140.

*Daniel T. Cross, C. G. Jeffers, William M. Clapp,* and *Bausman, Oldham & Goodale,* for appellants.

*N. W. Washington, C. J. Lambert, W. E. Southard,* and *T. B. Southard,* for respondent.

WEBSTER, J.—The appellants, who are county commissioners of Grant county, Washington, brought separate actions to restrain the respondent, as county auditor, from taking any proceedings upon certain recall petitions filed against appellants, upon the ground that the provisions of the recall statute had not been complied with. The cases were tried, and judgments of dismissal entered on September 24, 1917. On September 25, 1917, appellants gave notices of appeal and, on the same day, appeal bonds were approved and filed in both cases. On October 13, 1917, the respondent served upon appellants, and on October 24, 1917, filed in this court, motions to dismiss the appeals in said causes, upon the ground that the appeals had not been perfected within the time limited by law, in that appellants had failed and neglected to serve upon respondent or his attorneys any brief or abstract of record, and that more than fifteen days had expired since the entry of the judgments of dismissal. For the purposes of appeal, the causes have been consolidated by agreement.

Section 14, ch. 146, Laws of 1913, p. 461; Rem. Code, § 4940-14, provides:

"And any proceeding to review a decision of any superior court shall be begun and perfected within fifteen days after such decision, and shall be by the supreme court considered an emergency matter of public concern, and speedily heard and determined."

In support of the motions, it is urged that, under this statute, all proceedings essential to a review of the decision by this court must be perfected within fifteen days after the entry of the judgment appealed from; that is to say, notice of appeal, appeal bond, statement of facts, abstract and briefs

must be served and filed, and the record brought to this court within such time in order to confer jurisdiction of the appeal.

The position is clearly untenable. This court has uniformly held that an appeal is perfected by giving notice thereof and filing an appeal bond in the time and manner required by law. *Howard v. Shaw*, 10 Wash. 151, 38 Pac. 746; *Northern Counties Inv. Trust v. Hender*, 12 Wash. 559, 41 Pac. 913; *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123; *Bloomingdale v. Weil*, 29 Wash. 611, 70 Pac. 94; *In re Seattle*, 40 Wash. 450, 82 Pac. 747; *Ayars v. O'Connor*, 45 Wash. 132, 88 Pac. 119; *Sipes v. Puget Sound El. R. Co.*, 50 Wash. 585, 97 Pac. 723; *Gust v. Gust*, 71 Wash. 75, 127 Pac. 566; *State ex rel. Griffith v. Superior Court*, 71 Wash. 386, 128 Pac. 644; *Mogelberg v. Calhoun*, 94 Wash. 662, 163 Pac. 29.

The act relating to recalls does not purport to prescribe a complete code of appellate procedure, but leaves appeals arising under it to be governed by the general laws—except that the proceeding for review must be "begun" and "perfected" within fifteen days after the entry of final judgment, instead of within ninety-five days, as in ordinary cases. If the legislature intended to use the word *perfected* in a different sense from that employed in previous statutes as defined by the numerous decisions of this court, it would have expressed that intention in plain and unmistakable language. By using the expression "any proceeding to review a decision of any superior court," the legislature merely had reference to an appeal from such decision, and did not mean, by the use of the word *proceeding*, to include all steps necessary to be taken in the preparation of the case for submission to this court.

As was said by the court of civil appeals of Texas in *Gordon v. Rhodes & Daniels*, 104 S. W. 786:

"The purpose of the transcript of the record of the cause is to bring the matter of review before the court as to the

subject-matter therein to be revised.   To file the transcript
and the briefs is but a regulation in the prosecution of the
appeal to review by a court of civil appeals; and, when done
in the time required, it but calls into exercise the active juris-
diction previously conferred, by giving the notice of appeal
and filing the bond.   The filing of the transcript, or the failure
to file the transcript in time required by law, does not reach
to the power of the Court of Civil Appeals or its active juris-
diction, but only reaches to the exercise of the appellate jur-
isdiction, which has been actively invoked and called into
operation at the time of perfecting the appeal."

To give the statute the construction contended for by re-
spondent would be a denial of the right of appeal in practi-
cally all cases arising under it, notwithstanding the statute
expressly contemplates a review of the proceedings by this
court at the instance of the unsuccessful party; for, in the
vast majority of cases, it would be physically impossible to
bring the entire record to this court within fifteen days from
the entry of the judgment.

When the case is in readiness for setting, we will, of course,
give it precedence in obedience to the statute.

The motions to dismiss the appeals are denied.

ELLIS, C. J., PARKER, MAIN, and FULLERTON, JJ., concur.