[No. 14352. Department Two. April 27, 1918.]

# THE STATE OF WASHINGTON, *Respondent*, v. RICHARD DUNCAN, *Appellant*.[1]

HOMICIDE—INSTRUCTIONS—PREMEDITATED DESIGN. Upon defining murder in the first degree, it is proper to instruct that premeditated design is a mental operation of thinking upon an act before doing it or upon an inclination before carrying it out.

SAME. It is proper to instruct that malice aforethought or premeditated malice is the intention to unlawfully take life, meditated upon before the act, without any particular fixed time and that but a moment need be taken in the formation of the design.

SAME—PRESUMPTIONS AND BURDEN OF PROOF—DEGREES. Upon a prosecution for murder, it is proper to instruct that, if the killing is proved beyond a reasonable doubt, the presumption of law is that it is murder in the second degree, and the burden of proving justification is upon the defendant.

CRIMINAL LAW — APPEAL — REVIEW—INVITED ERROR—INSTRUCTION ON ALIBI. Accused in a prosecution for murder cannot complain of the giving of an instruction upon the subject of alibi, on the theory that alibi was not his defense, where he requested an instruction upon that subject and had introduced evidence to establish an alibi.

SAME—HARMLESS ERROR—INSTRUCTIONS GIVEN. Error cannot be predicated on the refusal to give a requested instruction that was fully covered in the general charge.

SAME—INSTRUCTIONS—CREDIBILITY OF WITNESSES—REQUESTS. In a prosecution for murder, it is proper to refuse to give precautionary instructions as to the credibility to be given evidence of declarations and statements alleged to have been made by the accused and testified to by witnesses, where other instructions were given to the effect that the jury was the sole judge of the credibility of the witnesses and should consider their conduct, the reasonableness of their story, etc., and where the statements of the accused referred to, although they showed his relations with deceased and motives of jealousy or revenge, were not strictly in the nature of confessions or admissions of the accused but rather in denial or avoidance thereof.

HOMICIDE—EVIDENCE—SUFFICIENCY. The killing being admitted and there being a presumption of murder in the second degree, a verdict of murder in the first degree, supported by circumstantial evidence, is not so unsupported as to require a new trial for want

[1]Reported in 172 Pac. 915.

of evidence, where there was no attempt by defendant to prove self-defense or other justification, or other elements reducing the offense to manslaughter or murder in the second degree.

CRIMINAL LAW—NEW TRIAL—TIME FOR APPLICATION—REOPENING JURISDICTION. Under the statute requiring an application for a new trial in a criminal case to be made before judgment (Rem. Code, § 2181), and within two days after verdict (Id., § 402), after a motion for a new trial made within two days after verdict has been overruled and judgment ·entered, the court has no jurisdiction to grant a motion to set aside the denial of the new trial and to resubmit the case; nor would the court have jurisdiction to do so after appeal from the judgment.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered April 24, 1917, upon a trial and conviction of murder. Affirmed.

*Walter A. Martin, Walter B. Allen,* and *Bell & Hodge,* for appellant.

*W. P. Brown* and *Loomis Baldrey,* for respondent.

HOLCOMB, J.—The verdict of the jury, convicting appellant of the crime of murder in the first degree, was returned and filed on April 3, 1917. A motion for a new trial upon the statutory grounds in the language of the statute was served and filed April 4, 1917. The motion was argued in the court below and by it denied on April 24, 1917, and on the same date, the judgment and sentence of the court on the verdict was filed and entered. On April 25, 1917, appellant served and filed his notice of appeal to this court, and no bond being required in a criminal case, the notice of appeal constituted his appeal to this court. Thereafter, on May 9, 1917, appellant served and filed a motion to set aside the order of April 24, 1917, denying his motion for new trial, and at the same time moved for an extension and enlargement of the time for submission of a motion for a new trial and reargument thereof and supported the same by affidavits, which motion was, on May 14, 1917,

upon notice, brought on for hearing in the court below and, after argument, was denied by the court upon the ground that it had lost jurisdiction of the matter under the statute by reason of the appellant having appealed to the supreme court.

Appellant first complains of the giving of an instruction by the court, quoted in part as follows:

"Premeditated design is a mental operation of thinking upon an act before doing it or upon an inclination before carrying it out."

This instruction was given in one stating all the elements and legal terms defining murder in the first degree. Almost the exact language of this instruction was approved in *State v. Straub,* 16 Wash. 111, 47 Pac. 227. The same definition of premeditation or premeditated design is given in 31 Cyc. 1162.

Complaint is also made of instruction No. 11 given by the court as follows:

"You are further instructed that malice aforethought or malice with premeditation, or premeditated malice, which is another way of putting it, in a case of this kind is where the intention to unlawfully take life is deliberately formed in the mind, and that determination meditated upon before the fatal shot is fired. There need be no fixed or definite length of time between the formation of the intention to kill and the killing, but there must be actual time for meditation between the formation of the intention to kill and the homicide. It is sufficient if the act of killing be preceded by a concurrence of will, deliberation and premeditation on the part of the slayer, though but a moment be taken in the formation of the design to kill and in the deliberation upon and meditation of such design before carrying it into effect."

It is contended that this instruction is identical with one disapproved by this court in *State v. Rutten,* 13 Wash. 203, 43 Pac. 30, and similarly in *State v.*

*Moody,* 18 Wash. 165, 51 Pac. 356. The contention is that the instruction did away with the idea of deliberation. The instruction in this case is very similar to the one approved in *State v. Straub, supra,* distinguishing the instruction in that case and the one in the *Rutten* case; and the language in the instruction here:

"It is sufficient if the act of killing be preceded by a concurrence of will, deliberation and premeditation on the part of the slayer though but a moment be taken in the formation of the design to kill and in the deliberation upon and meditation of such design before carrying it into effect,"

met with the approval of the court in the *Straub* case, *supra.* It was not erroneous.

The next complaint is that the court instructed the jury:

"You are further instructed that, if the killing of one human being by another is proven beyond a reasonable doubt, the presumption of law is that it is murder in the second degree. . . . If the defendant seeks to justify the acts in such case the burden is upon the defendant so to do."

That such instruction states the law as declared in this state is settled by the following cases: *State v. Payne,* 10 Wash. 545, 39 Pac. 157; *State v. Clark,* 58 Wash. 128, 107 Pac. 1047; *State v. Drummond,* 70 Wash. 260, 126 Pac. 541; *State v. Hawkins,* 89 Wash. 449, 154 Pac. 827.

The next complaint is of an instruction given by the court which appellant says told the jury that the defense of appellant was an alibi, and further, in discussing the evidence of an alibi, says that the evidence of an alibi should account for the defendant during the whole period in which the jury should find that the offense charged was committed. It is asserted that the instruction was prejudicial to the appellant because the defense was not necessarily an alibi as a matter of fact,

but that the defense was simply one of not guilty. The instruction was that *one* of the defenses interposed by the appellant was an alibi; then defining an alibi in accordance with approved declarations of this court and stating how an alibi was to be proven by the accused, not by evidence beyond a reasonable doubt or even by a preponderance of the evidence, but if the evidence upon the proposition raised a reasonable doubt in the minds of the jury as to whether the accused was at another place than that at which the crime was committed at the time of its commission, if committed, it would be sufficient. Appellant is not in a position to complain of the giving of the instruction upon the subject of alibi, because appellant himself submitted an instruction upon that same subject and introduced evidence in his own behalf attempting to establish an alibi. The instruction given was more complete and accurate than the one requested by appellant and he is not prejudiced thereby.

Appellant requested the court to give seventeen instructions, and argues that two of the requested instructions should have been given and that the court erred in not giving them. One of these, the sixth, was a request upon circumstantial evidence. The court gave a very elaborate and accurate instruction upon the subject of circumstantial evidence, its weight and value in criminal cases, which has been approved in 2 Blashfield's Instructions to Juries, §§ 2414, 2454. The instruction was, in fact, more instructive to the jury than that offered by appellant.

The next assertion is that requested instruction No. 8 should have been given, as follows:

"A part of the evidence of the state consists of certain declarations or statements alleged to have been made by the defendant and testified to by witnesses in this case; the court instructs you that the law is that

such evidence should be received with great caution as the liability to mistake on the part of the witnesses may occur in the repetition of language, the understanding of what was said, or the speaker may not have conveyed fully to the witness the idea intended by the language used, therefore, for such reasons such testimony is to be received by you with great caution and weighed with great care.''

No authorities are cited to sustain the propriety of the foregoing instruction. The court did, by other instructions, instruct generally upon the question of the credibility of witnesses, the manner of judging testimony, and the duty to harmonize same, and without singling out any class of witnesses or line of testimony, and instructed the jury upon that question in a manner generally approved.

The jury were instructed that they were the sole and exclusive judges of the credibility of the witnesses who testified; that they should take into consideration the interest of the witnesses who testified in the result of the case, if any such interest was proven, their conduct and demeanor while testifying, their apparent fairness or bias, if any such appeared, their opportunity for seeing or knowing the things about which they testified, the reasonableness or unreasonableness of the story told by them, and all the evidence and facts and circumstances proven in the case and tending to corroborate or contradict such witnesses, if any such appear; that they were not bound to believe anything to be a fact because a witness had stated it to be so, if they believed from all the evidence that such witness was mistaken or knowingly testified falsely. The latter part of the instruction given, in a general way and without particularizing any testimony or calling attention to any particular witnesses, covered the ground requested by appellant.

If the requested instruction was intended to apply to the class of evidence known as confessions, made by the accused, there was nothing in the evidence in the case that the alleged statements by appellant were made under inducement or fear in any way, and the above instruction does not cover that subject.

Furthermore, the instruction requested referred to declarations or statements made by the defendant and testified to by witnesses. The instruction stated the law with reference to admissions. Admissions are distinguishable from confessions. Admissions are concessions or voluntary acknowledgments made by a party of the existence or truth of certain facts. Bouvier's Law Dictionary. Recognition as fact or truth, acknowledgment, concession; also the expression in which such assent is conveyed. Anderson's Law Dictionary. An admission is a statement, oral or written, suggesting any inference as to any fact in issue relative, or deemed to be relative, to any such fact, Stephens, Digest of Evidence (4th ed.), § 39.

The evidence of witnesses as to statements of appellant consisted of detailed accounts of the whereabouts of appellant on the day in question, his acts, an account of a quarrel with the deceased, her whereabouts on that day, and facts from which the jury could, with other circumstances shown by evidence as to the manner of the killing of the deceased, infer a motive on the part of the appellant to kill the deceased, viz., jealousy and revenge. However, there was nothing in the way of direct admissions on the part of appellant in the statements testified to of any connection on his part with the crime itself, but they were rather in the nature of denials and avoidance of admissions of any connection with the crime. The statements did, however, as said, show his relations with the woman and, circumstantially, a motive for the crime. These were to be

derived from the facts as stated by him as to his relations with the woman, together with the manner and circumstances of the killing as shown. But, strictly speaking, they were not to be considered as admissions. The instruction requested the law to be given as if the statements shown were admissions or declarations. As to them, it is true, the law is that the weight to be given to evidence of admissions may depend upon various matters affecting its accuracy; as, for example, the liability to mistake what has been said, resulting either from the frailty of human memory, the natural inability to detail what has been said by another precisely as it was said, and the liability to purposely color or mistake what was said. Consequently it is stated to be the rule that evidence of admissions, particularly mere verbal admissions, should be received with caution. But it is equally well settled that admissions deliberately made and clearly proved are very strong and satisfactory evidence as against the party making them. The weight to be given to admissions is to be determined by the jury under proper instructions by the court. 1 Ency. Evidence, 610, 611, 612. It is also said to be a general rule that it is not unfair to take a man at his word (*Robinson v. Stuart,* 68 Me. 61), and that admissions may be the best or the weakest kind of evidence. *Parker v. McNeill,* 12 Smed. & M. (Miss.) 355. From the nature of the testimony referred to, the instruction requested was not appropriate and it was not error to refuse it.

The next ground of error is the denial of the motion for a new trial. This is based largely upon the giving of the instruction heretofore discussed, to the effect that, if the killing of one human being by another is proven beyond a reasonable doubt, the presumption of law is that it is murder in the second degree, and if the defendant seeks to justify the acts in such a case,

the burden is upon him so to do; and further, upon the alleged insufficiency of the evidence to justify a finding by the jury that the appellant was guilty of homicide. The evidence was largely circumstantial and the record is very voluminous, but, in our opinion, there was ample evidentiary support for the verdict of the jury. There being no attempt on the part of the appellant by evidence to justify the killing, or to show the elements constituting manslaughter or murder in the second degree only, or self-defense or anything of that kind which would reduce the offense from murder in the first degree or justify the killing, the verdict was proper.

There is nothing to support the contention of appellant that "if the evidence points to Duncan as the guilty party, equally as strong is it that, if he killed her, it was the result of a sudden and unexpected quarrel, done in the heat of passion and under extreme provocation. She was the aggressor."

The last error claimed is that the court erred in denying the motion to set aside the order denying the new trial and to resubmit the same. Section 2181, Rem. Code, provides that an application for a new trial in a criminal case must be made before judgment, providing the grounds therefor. Section 402, Rem. Code, provides that the party moving for a new trial must move therefor within two days after the verdict of the jury, or within such further time as the court within which the action is pending or the judgment thereof may allow. Appellant filed his motion within two days and had it disposed of, and the judgment had been entered when the motion to set aside the former order and resubmit the same was filed. The court had then lost jurisdiction of the matter, and it had further lost jurisdiction by reason of the fact that appellant had served and filed his notice of appeal to this court. The court below had no jurisdiction to pass upon the motion to

resubmit the motion for a new trial, and the case was then appealed to this court. The matters in support of that motion are, therefore, not properly in the record nor before us and cannot now be considered. *State v. Scott, ante* p. 199, 172 Pac. 234; *White v. Sanders,* 99 Wash. 172, 168 Pac. 1140. The last cited case being a civil case, appeal was not perfected until a bond had been filed. This case being a criminal case and no bond being required, appeal is complete upon giving the notice of appeal.

There being no errors found in the record, and which we can consider, justifying a reversal, the judgment is affirmed.

ELLIS, C. J., MOUNT, and FULLERTON, JJ., concur.