[No. 20119.  Department Two.  April 21, 1927.]

## THE STATE OF WASHINGTON, *Respondent,* v. ED COHEN, *Appellant.*[1]

[1] CRIMINAL LAW (297) — LARCENY (35) — INSTRUCTIONS — REQUISITES—GRADE OR DEGREE OF OFFENSE—VALUE OF PROPERTY.  In a prosecution for grand larceny, in which there was no evidence offered to contradict the state's evidence that the accused stole a truck tire, estimated by a witness to be of the value of $27 or $30, a tube of the value of $5, and a rim of the value of $9.75, the accused is not entitled to have the jury instructed on the subject of petit larceny; since there was no evidence that the property stolen was of less value than $25 (PARKER, J., dissenting).

[2] SAME (215)—TRIAL—REMARKS AND CONDUCT OF JUDGE.  Error cannot be assigned upon remarks of the trial court, in ordering the attorneys for the state and defense to be committed for contempt, where both merited it, and there was no disadvantage to either side.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 1, 1926, upon a trial and conviction of grand larceny.  Affirmed.

*Jay C. Allen (John F. Walthew,* of counsel), for appellant.

*Ewing D. Colvin* and *Ralph Hammer,* for respondent.

ASKREN, J.—Appellant, feeling aggrieved at his conviction and sentence upon a charge of grand larceny, brings the case here for review.

The principal ground urged for reversal is that the court erred in not instructing the jury that they might find appellant guilty of petit larceny.

Petit larceny is, of course, an included offense in the charge of grand larceny, and should be submitted to the jury if the evidence in the case presents a conflict as to the value of the thing taken.

[1]Reported in 255 Pac. 910.

In this case, the state claimed that the appellant had bought and concealed a stolen truck tire of the value of $49, a tube of the value of $5.40, and a truck tire rim of the value of $9.75, or a total of $64.55.

The evidence disclosed that the tire was one which came on a truck to the Garford Motor Truck Company, and had never been used, save to drive the truck from the freight yards to the warehouse. The purchaser of the truck desired a different make of tire, so the new tire was taken off. The purchasing agent for the Garford Motor Truck Company testified that the tire was worth $46.00, the tube $5.00, and the rim $9.75, or a total of $60.75. Another witness testified that the value of the tire alone was about $27 or $30. The appellant offered no evidence contradicting these values, his defense being directed to his knowledge of the property being stolen rather than as to its value.

[1] Appellant now urges that although all the testimony as to the value showed a sum much in excess of twenty-five dollars, yet the jury might not have believed the testimony, and having seen the tire, tube and rim, might well have concluded that they were after all second-hand, and worth less than twenty-five dollars. It is apparent, of course, that a finding that this property was worth less than twenty-five dollars would be contrary to the evidence in the case. We have never had occasion to answer this precise question before, although we have many times held that the court should instruct as to the lower grades of an included offense only when the evidence was such as to make it a question for the jury as to which of two or more included offenses had been committed. *State v. Dolan,* 17 Wash. 499, 50 Pac. 472; *State v. Young,* 22 Wash. 273, 60 Pac. 650; *State v. Gottstein,* 111 Wash. 600, 191

Pac. 766; *State v. Donofrio,* 141 Wash. 132, 250 Pac. 951.

The rule applicable to the situation developed by the evidence in this case is stated in 36 C. J. 926, as follows:

"But when the value of the property stolen is material, as constituting an essential element of the offense, or as determining the grade or degree thereof, or the punishment to be inflicted upon the culprit, the jury should be instructed concerning the necessity for proof of value, and the method of determining it, unless the prosecution is for petit larceny of an article of intrinsic value, in which event there is no need to instruct the jury specifically as to the necessity of proof of value, or unless in a prosecution for grand larceny the undisputed evidence fixes the value incontestably above the amount necessary to constitute the offense charged, in which event the court is not required to instruct the jury concerning the necessity for the proof to show a value above that amount."

In *People v. Harris,* 77 Mich. 568, 43 N. W. 1060, it was claimed that error had been committed by the failure of the trial court to instruct the jury that, if the property taken was of a lesser value than twenty-five dollars, it would not constitute the offense charged. The defendant in that case had stolen a cow and the evidence of the owner was that he had paid fifty dollars for the animal, and that the defendant had tried to sell the cow at from thirty to forty dollars. The court said:

"There was no testimony in the case showing the property worth, or tending to show it worth, less than $30, so that it was unnecessary to tell the jury that stealing property worth a less amount than $25 would not constitute the offense charged."

In *Davis v. Commonwealth,* 191 Ky. 242, 229 S. W. 1029, the defendant was charged with grand larceny of

some clothes taken from a dry cleaning establishment.
The evidence showed the value to be about four hun-
dred dollars.   On appeal it was urged that the jury
should have been instructed as to petit larceny.   Said
the court:

"There was no contrariety in the evidence as to the
value of the stolen property; the whole evidence with-
out contradiction showed it to be in the neighborhood
of $400, and that it was all stolen at the same time,
and we therefore fail to see the necessity of the court
incorporating in its instruction a qualification that the
property should have been of greater value than $20.
It is likewise apparent that there was no evidence in
the record upon which to base an instruction on petit
larceny."

To the same effect see *State v. Hayward,* 153 Iowa
265, 133 N. W. 667; *People v. Diamondstein,* 42 Cal.
App. 490, 183 Pac. 679; *Jones v. State,* 49 Ind. 549.

There being no evidence in the case that the articles
stolen were worth less than twenty-five dollars, it would
be futile to instruct the jury to determine whether their
value was less than that amount.

It is urged that, in *Sedro-Woolley v. Willard,* 71
Wash. 646, 129 Pac. 372, we recognized the right of a
jury to find an amount different from that testified to
by the witnesses.   The precise point there decided was
that a finding by the jury of a higher value than that
testified to was not in itself prejudice.   We took oc-
casion to say that there was evidence tending to show
that the building on which the jury placed a value of
ten hundred dollars was worth about twelve hundred
dollars.

It is plain to be seen that, to adopt the rule prayed
for by appellant, would require the submission in every
grand larceny case of the lesser crime of petit larceny,
no matter what the value of the article, because the

jury, having seen the article, might say that it was worth less than twenty-five dollars. Thus one charged with stealing a ten hundred dollar bond, and the testimony placing its value at from nine hundred to nine hundred fifty dollars, could demand that the jury decide if it was worth less than twenty-five dollars. Or, if a five hundred dollar fur coat worn two or three weeks was stolen, and the testimony placed its value at from three hundred to three hundred fifty dollars, the defendant could still demand that the jury be instructed as to petit larceny. We are not disposed to adopt such a rule and it follows, therefore, that there was no error in this respect.

[2] It is also urged that the defense was prejudiced by certain remarks of the trial court. The record shows that there was repeated wrangling between the attorneys on both sides, and after warnings by the court the following occurred:

"THE COURT: One minute. Issue a bench warrant and put both these gentlemen in jail for one hour. I am running this case. Just wait. Hold that up a moment. I will put you on probation. Go on. Now let us have no more of this, no more wrangling with each other."

But we see nothing prejudicial in these remarks. They were directed alike to both attorneys and could by no stretch of the imagination have tended to put one side at a disadvantage to the other. That what the court said was abundantly justified by the actions of counsel is clearly borne out by the record. Counsel who appear in this court for appellant were not trial counsel in this cause. It must be remembered that the patience of trial courts is a thing of variable elasticity, depending much upon the individual, but which has its breaking point. The trial court in this instance displayed more than average patience towards counsel,

and its suggested summary handling of the situation was entirely proper. Patience in trial courts is a very commendable virtue, but counsel should not be permitted to use it as an instrument to set at naught the orders, decorum and authority of the court. 26 R. C. L. 1028.

Other assignments are urged, but we think them not well taken.

The judgment is affirmed.

MACKINTOSH, C. J., and TOLMAN, J., concur.

PARKER, J. (dissenting)—Following the introduction of the evidence upon the trial, the court gave to the jury instructions submitting to them the question of appellant's guilt of grand larceny, and refused to give an instruction submitting also the question of his guilt of petit larceny, being expressly requested by appellant's counsel to do so. This ruling of the court was rested upon the theory that the evidence would in no event warrant appellant being found guilty of petit larceny because all of the testimony as to the value of the property was to the effect that it was of the value of more than twenty-five dollars. Our larceny statutes, Rem. Comp. Stat., §§ 2601, 2605 [P. C. §§ 8944, 8948], make the taking of property of greater value than twenty-five dollars, in the manner here charged, the felony of grand larceny; and make the taking of property of less value than twenty-five dollars, in the manner here charged, the gross misdemeanor of petit larceny. There was abundant evidence produced upon the trial supporting the jury's conclusion that appellant was guilty of larceny. The jury being so convinced beyond a reasonable doubt, they must have felt a pressing duty of finding him guilty as charged; that is, guilty of grand larceny, having no other alternative

but to find him guilty of grand larceny or not guilty of any larceny. Now, our problem seems to be, in substance, this: can it be decided, as a matter of law, upon the record in this case, that appellant is either guilty of grand larceny or not guilty of any larceny? The tire, the tube therein, and the rim on which they were mounted, were introduced in evidence as an exhibit and the jury had opportunity to fully view and inspect them. A witness, who seems to have been qualified to give opinion testimony as to their value, testified in part as follows:

"Q. What was the value of that tire, tube and rim? A. About $46 for the casing [tire], about $5 for the tube and about $9.75 for the rim."

This, manifestly, was only opinion evidence of this witness. Another witness, a tire dealer, who also seems to have been qualified to give opinion testimony as to the value of tires, testified that the value of the tire was about twenty-seven or thirty dollars; manifestly, meaning a new tire of that size and kind, and apparently apart from the tube and rim. This also, manifestly, was only opinion evidence of this witness. This, together with the appearance of the tire, tube and rim which the jury had before them as an exhibit, is the substance of the whole of the evidence upon which they were required to find the value of the alleged stolen property.

It must be conceded that this evidence of value seems convincing that the total value was more than twenty-five dollars; but the jury were not bound to so find from this evidence, and might not have so found had they been permitted to determine whether or not appellant was guilty of petit larceny, in view of the fact that the burden of affirmatively proving value, beyond a reasonable doubt, rested not upon appellant but upon

the prosecution. They were not privileged to find the value to be less than twenty-five dollars except by finding appellant not guilty of any larceny. Hence, there was presented to them a situation which, to lay minds, would strongly suggest the duty of finding appellant guilty as charged; that is, guilty of grand larceny, rather than finding him not guilty of any larceny.

It is elementary law that a charge of grand larceny includes a charge of petit larceny when, by statute, their only distinction is the difference in the value of the stolen property. This is the only distinction between the grand and petit larceny charged in this information. Of course, in order to support a conviction of a lesser degree of an offense included in a charge of a higher degree of the offense, the lesser degree must be included by proof as well as by charge. When the lesser degree is so included, to the extent that the jury is privileged to find that the lesser degree has alone been proven, and the court cannot say otherwise, as a matter of law, the accused has the right to have the question of his guilt or innocence of the lesser degree submitted to the jury, even though the evidence also calls for the submission to the jury of the question of his guilt or innocence of the higher degree.

I now notice our decisions having to do with conditions entitling an accused to have the question of his guilt of a lesser offense, which is included within a charge of a greater offense, submitted to the jury. In *State v. Dolan,* 17 Wash. 499, 50 Pac. 472, the defendant was charged with assaulting, by shooting, with intent to commit murder. The evidence rendered it certain that the assault was with a revolver by shooting, if any assault at all was committed. There was some evidence tending to show that the defendant was "crazy drunk," there being no evidence of his intent other than that to

be inferred from the shooting. In behalf of the defendant, the court was requested to instruct the jury that the defendant might be found guilty of assault or assault and battery, if he was found not guilty of a greater degree of assault. Holding, in view of this condition of the evidence, that the defendant was entitled to have his guilt or innocence of the lesser degrees of assault submitted to the jury, together with the question of his guilt or innocence of the greater degrees, Judge Anders, speaking for the court, said:

"Under the charge of the court in this case the jury were entirely precluded from finding the defendant guilty of any less crime than that of an assault with intent to commit murder, although they may have been satisfied that, in fact, he was guilty only of one of the lesser offenses charged in the information."

In *State v. Young*, 22 Wash. 273, 60 Pac. 650, the defendant was charged with the offense of murder in the first degree and was convicted of an assault with intent to commit murder. The refusal of the court to submit to the jury the question of defendant's guilt or innocence of the lesser degree of assault with a deadly weapon with intent to do bodily harm, was claimed to be erroneous to his prejudice. The opinion does not indicate just to what extent the evidence called for the submission of the lesser offense to the jury. However, in holding that it was error to refuse to submit the lesser degree to the jury, Judge Dunbar, speaking for the court, said:

"Section 6955, Bal. Code [§ 2167, Rem. Comp. Stat.] provides that 'upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto;' and § 6956 [§ 2168, Rem. Comp. Stat.] provides that 'in all other cases the defendant

may be found guilty of an offense the commission of
which is necessarily included within that with which
he is charged in the indictment or information.' Inas-
much, then, as the law gives the defendant the unquali-
fied right to have the inferior degree passed upon by
the jury, it is not within the province of the court to
say that the defendant was not prejudiced by the re-
fusal of the court to submit that phase of the case to
the jury, or to speculate upon probable results in the
absence of such instructions. If there is even the
slightest evidence that the defendant may have com-
mitted the degree of the offense inferior to and in-
cluded in the one charged, the law of such inferior
degree ought to be given.''

In *State v. Dengel*, 24 Wash. 49, 63 Pac. 1104, the
defendant was charged with robbery. There was evi-
dence tending to show that the property in question
was forcibly taken from the prosecuting witness so as
to constitute robbery. It was there held that the de-
fendant was entitled to an instruction submitting the
question of his guilt or innocence of the lesser offense
of larceny to the jury. In *State v. Gottstein*, 111 Wash.
600, 191 Pac. 766, the defendant was charged with
murder in the first degree. He was convicted of murder
in the second degree. Error was claimed in behalf of
defendant in the trial court's refusal to submit to the
jury, by appropriate instruction, the question of his
guilt or innocence of manslaughter. While we there
held that there was no evidence in the case calling for
the submission to the jury of the defendant's guilt or
innocence of the lesser offense of manslaughter, the
burden of reducing the actual killing to that degree of
guilt resting upon the accused, as we shall presently
notice, Judge Tolman, speaking for the court, made the
following very pertinent observations in full harmony
with the views of the law announced in the above
noticed decisions:

"The statute, Rem. Code, § 2167, provides that, upon an indictment or information for an offense consisting of different degrees, the jury may find the accused not guilty of the degree charged, and guilty of any inferior degree, and therefore the correct rule is that the lesser crime must be submitted to the jury along with the greater, unless the evidence positively excludes any inference that the lesser crime was committed, and it is not incumbent upon the defendant, before such an instruction will be given, to show facts from which a jury might draw the conclusion that the lesser crime and not the greater was, in fact, committed; still we think the trial court was right in this case in refusing to submit the crime of manslaughter, for, after a careful study of the record, we think the evidence excludes the possibility that the killing occurred without design, except possibly that it was done in an attempt to commit robbery, which is expressly made murder in the first degree by our statute. Considering all of the circumstances shown, the nature of the wound, and the point where the bullet entered at the left and rear part of the head of deceased, we cannot conceive that the shot was fired in self-defense, and even if so fired, the killing would have been excusable or justifiable and no crime, either of murder or manslaughter, would have been committed, and no instruction as to manslaughter would have been pertinent."

In *State v. Donofrio,* 141 Wash. 132, 250 Pac. 951, the defendant was charged with making an assault

"With a weapon or instrument likely to produce bodily harm, the exact nature or character of said instrument being unknown to the prosecuting attorney other than an iron instrument."

This was a charge of the felony of assault in the second degree under Rem. Comp. Stat., § 2414, and included a charge of the gross misdemeanor of assault in the third degree under Rem. Comp. Stat., § 2415, that is, assault not with a weapon or instrument likely to produce bodily harm. The testimony of the prosecu-

ting witness was, in substance, that the assault was with some blunt instrument held in defendant's right hand. Because of the semi-darkness upon the street where the incident occurred, the prosecuting witness did not clearly see the instrument, but was positive that it was an instrument capable of producing bodily harm. The assault caused bruises resulting in one eye being considerably blackened and the other slightly blackened. The defendant denied making any assault. We there held that the refusal of the court to submit to the jury the question of the defendant's guilt or innocence of assault in the third degree was erroneous, upon the theory that, while there was no affirmative evidence contradicting the testimony of the prosecuting witness as to the nature of the alleged instrument, the jury were not bound to believe that the assault was with any instrument, and might have found the prosecuting witness to have been assaulted by the defendant only with his bare hand or fist, and thus found him guilty of assault in the third degree only, had that question been submitted to their consideration. That was not a question of whether there was affirmative evidence reducing the assault to the lesser degree, but was simply a question of the jury having the right to find that the prosecution had failed to prove the greater degree beyond a reasonable doubt. Our very recent decision in *State v. Bolen,* 142 Wash. 653, 254 Pac. 445, contains observations adhering to these views.

The problem, generally speaking, is not whether there is direct affirmative evidence contradicting the evidence tending to show an accused guilty of the greater offense charged; but, having in view that the burden of proof as to the greater offense rests upon the state, the problem is whether, from the whole of the evidence, the jury are warranted in believing that

the accused is guilty of the lesser offense and not guilty of the greater offense. Now, in this case there was ample evidence warranting the jury in believing beyond a reasonable doubt that the tire, tube and rim were of some value. This, of course, was sufficient to make the offense at least petit larceny; and, while the jury might also believe from the evidence beyond a reasonable doubt that the defendant was guilty of grand larceny, I am clearly of the opinion that they were not bound to so find. So it seems to me that appellant was entitled to have his guilt of petit larceny submitted to the jury, together with the question of his guilt of grand larceny.

I now notice our decisions which may be thought to support in some measure a conclusion contrary to that which I here reach. In *State v. Bailey*, 31 Wash. 89, 71 Pac. 715, the defendant was charged and found guilty of the crime of rape. The evidence apparently conclusively showed that the assault upon the prosecuting witness was made, if at all, with that intent. Judge Hadley, speaking for the court, holding that the defendant was not entitled to have submitted to the jury any of the lesser degrees of assault, said:

"It is urged as error that the court failed to instruct the jury that they could return a verdict of assault and battery or of simple assault. No such instruction was requested by appellant, but he insists that the court erred in not giving it of its own motion. The court instructed the jury that they could return a verdict of guilty of rape or of assault with intent to commit rape, according as they should determine the facts, the necessary elements of each crime being first described in the instructions. There is no evidence in the record which supports or tends to support common assault and battery or simple assault. The prosecuting witness testified to no facts except those which constitute rape or assault with intent to commit rape, and the appellant

denies that he made any assault upon her person of any kind. It cannot be said that a verdict of assault and battery or of simple assault could have been sustained by any evidence in this record. There being no evidence tending to support the lesser offenses named, it was not error for the court to fail to instruct the jury that they could return a verdict of guilty for the lesser offenses."

Our decisions in *State v. Kruger,* 60 Wash. 542, 111 Pac. 769, and *State v. Harsted,* 66 Wash. 158, 119 Pac. 24, hold to the same effect, wherein rape and sodomy assault charges were involved. In *State v. McPhail,* 39 Wash. 199, 81 Pac. 683, the defendant was charged and found guilty of murder in the first degree. The evidence showed that the homicide was committed by shooting. The court instructed the jury so as to, in effect, exclude their consideration of the question of defendant's guilt or innocence of manslaughter; and this, manifestly, upon the theory that there was no evidence of manslaughter; that is, the homicide having been shown in the manner we have noticed and the presumption being that it was murder either in the first or second degree, and no evidence being offered tending to reduce it to the offense of manslaughter, as to which the burden rested upon the defendant (*State v. Payne,* 10 Wash. 545, 39 Pac. 157; *State v. Melvern,* 32 Wash. 7, 72 Pac. 489; *State v. Clark,* 58 Wash. 128, 107 Pac. 1047; *State v. Totten,* 67 Wash. 192, 121 Pac. 70; *State v. Drummond,* 70 Wash. 260, 126 Pac. 541; *State v. Duncan,* 101 Wash. 542, 172 Pac. 915.) the defendant was not entitled to have the question of his guilt or innocence of manslaughter submitted to the jury.

The following homicide cases decided by this court, wherein the question of the defendant's guilt or innocence of manslaughter was excluded by the trial

court from the jury's consideration, were affirmed upon this theory: *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; *State v. Ash,* 68 Wash. 194, 122 Pac. 995, 39 L. R. A. (N. S.) 611; *State v. Palmer,* 104 Wash. 396, 176 Pac. 547; *State v. Gottstein,* 111 Wash. 600, 191 Pac. 766; *State v. Whitfield,* 129 Wash. 134, 224 Pac. 559. In *State v. McConaghy,* 84 Wash. 168, 146 Pac. 396, the defendant was charged with assault in the first degree by shooting with a revolver with intent to kill. She was found guilty of assault in the second degree; that is, assault with a weapon or other instrument or thing likely to produce bodily harm. It was there held that the trial court did not err in refusing to submit to the jury the question of defendant's guilt or innocence of assault in the third degree; that is, assault without any weapon or instrument; this, manifestly, upon the theory that the assault was made with a revolver, a deadly weapon, by shooting, if made at all. Therefore, the defendant could not possibly have been guilty of assault in the third degree, that is, without any weapon or instrument.

Our decisions in *State v. Reynolds,* 94 Wash. 270, 162 Pac. 358, and *State v. Shaffer,* 120 Wash. 345, 207 Pac. 229, which were charges and convictions of assaults by shooting, were disposed of by this court upon this theory. In *State v. Hart,* 79 Wash. 225, 140 Pac. 321, the defendant was charged with assault in the first degree and found guilty of assault in the second degree; that is, guilty of assault with a weapon or other instrument or thing likely to produce bodily harm. The assault there proven was one made with a club of such size and weight that left no doubt of the assault being made with such an instrument as would likely produce bodily harm. The assault was so made or else not made at all. We there held that there

was no occasion for the trial court to submit to the jury the question of the defendant's guilt or innocence of the lesser offense of assault in the third degree, that is, without any instrument. I think that all of these cases, noticed in this paragraph, are clearly distinguishable from the one before us, and that this case falls within the rule of law regarded by the court as controlling in the class of cases first above noticed. This problem has never been presented to this court in connection with the proof of the value of stolen property in a larceny case.

I am of the opinion that, in no event, was the value of the property so conclusively proven beyond a reasonable doubt to be over twenty-five dollars as to warrant the court in refusing to give the requested instruction submitting to the jury the question of appellant's guilt of petit larceny, and that therefore appellant is entitled to a new trial.