[No. 35-40571-2.   Division Two.   October 16, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE BARR, *Appellant*.

*Robert S. Felker*, for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel, Eugene G. Olson, Chief Criminal Deputy*, for respondent.

PETRIE, J.—On April 16, 1968 the owner of a grocery store in Buckley, Washington was robbed. The defendant and two others were charged with armed robbery and brought to trial. At the close of the state's case, the charges against defendant's alleged accomplices were dismissed because of insufficient evidence.

The state's evidence against the defendant consisted of his out-of-court confession, the identification testimony of three eyewitnesses—the owners of the store and a Mrs. Bonnie Graham, a customer in the store during the robbery—and the admission of a rifle into evidence. The defendant neither testified in his own behalf nor produced witnesses on his behalf. The jury found the defendant guilty as charged. This appeal follows denial of a motion for new trial after entry of judgment and sentence on the verdict.

The defendant's first assignment of error is that the trial court erred when it permitted the state to endorse the name of Mrs. Graham as an additional witness during the course of the trial.

■ The trial court in its discretion, may permit the state to endorse the name of an additional witness during trial, where no prejudice will result to the defendant. *State v. Shelby*, 69 Wn.2d 295, 418 P.2d 246 (1966).

The state moved to endorse the witness in the afternoon of the first day of the trial. At that time the defendant objected and asked for a continuance. The court permitted the endorsement but only on the condition that the witness be made available to the defendant before taking the stand. The following day Mrs. Graham testified without further objection and defendant's counsel quite ably cross-examined her. In the final analysis, her testimony was cumulative in that she also identified defendant and his actions with a rifle. Her testimony was also supportive of defendant's apparent contention that he "was quite drunk".

There being no evidence that the endorsement of the additional witness was prejudicial to the defendant, the assignment of error is without merit.

The defendant next contends that the court erred when it admitted plaintiff's exhibit No. 4, a Winchester automatic rifle, without giving a precautionary instruction. The defendant contends that the court should have instructed the jury that the exhibit was for illustrative purposes only and was not to be considered in fact the rifle that was used in the robbery.

Three witnesses testified that the defendant was armed with a rifle. The complaining witness stated that he recognized the rifle at the time of the robbery as a Winchester automatic rifle, late model 243, and that exhibit No. 4 was "exactly the same" as the rifle used in the robbery. The defendant stated in his confession that when the police started chasing the get-away car, he "bailed out" and ran off into the brush and "dropped the rifle". The chief of the

Buckley Police Department testified that the rifle was found shortly thereafter about 5 feet into the brush.

Exhibit No. 4 was not offered for illustrative purposes only. It was part of the state's evidence relied upon to establish the defendant's guilt. It was properly identified and admitted. The trial court did not err when it refused to give a precautionary instruction.

The defendant finally contends the court erred when it refused to give an instruction on larceny as the lesser-included offense in the crime of armed robbery.

A criminal defendant is not entitled to an instruction on a lesser-included offense merely because he makes such a request. There must be some evidence that would support such an instruction and upon which the jury could make a finding as to the lesser-included offense. *State v. Snider*, 70 Wn.2d 326, 422 P.2d 816 (1967). All the evidence indicates the crime took place while the defendant was armed with the rifle. There being no evidence which would support a larceny instruction, the defendant's third assignment of error lacks merit.

Accordingly, the judgment of the trial court is affirmed.

ARMSTRONG, C. J., and PEARSON, J., concur.