[No. 474-1. Division One—Panel 2. March 8, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. JOEL A. TURNER, *Appellant*.

*Barokas, Martin, Richey & Schaefer* and *Jack A. Richey*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Gerald M. Lorentson, Deputy*, for respondent.

SWANSON, J.—Joel A. Turner appeals from a conviction of unlawful possession of a narcotic drug, a felony under RCW 69.33.230. He makes only one assignment of error— that the trial court erred when it denied his motion to dismiss for lack of sufficient evidence of possession of narcotics.

The arresting officer testified that he saw a small cellophane package drop from defendant Turner's left hand and fall to the floor of the police vehicle as the defendant entered the back seat of the car. Upon arrival at police headquarters the officer reached in and picked up the cellophane package which was still on the floor. Inside of the package were five balloons. Their contents were identified by chemical analysis as heroin.

The basis of defendant's argument is that under the standard of *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969), he did not have *constructive* possession of the narcotic, but what defendant fails to recognize is that there is direct evidence in this case of actual possession of heroin by the defendant. *Callahan* does not support defendant's contention. It involved a question of constructive possession where the evidence of dominion and control was purely circumstantial which was countered by undisputed direct evidence placing exclusive possession in another person.

Here there is substantial evidence of *actual*, rather than *constructive*, possession established by *direct*, rather than *circumstantial*, evidence. The decision in *Callahan* is clearly inapposite. Defendant's motion to dismiss was correctly denied by the trial court.

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.