[No. 2431-1. Division One. March 18, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM WILSON WHEATLEY, JR., *Appellant.*

*Halverson, Strong & Moen* and *Eugene M. Moen,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Seaton M. Daly, Jr., Deputy,* for respondent.

WILLIAMS, J.—The defendant, William Wilson Wheatley, Jr., was charged with the crime of possession of a controlled substance. The trial resulted in a verdict of guilty. Judgment was entered on the verdict and the defendant appeals.

At about 5 o'clock in the afternoon of February 1, 1973, police officers bearing a search warrant entered a house in the city of Seattle. The house consisted of a living room, kitchen, two bedrooms, recreation room, bath and basement. At the time of entry, the doors were locked, one light was illuminated and a stereo phonograph was playing. With one exception, all of the rooms of the house appeared to be normally occupied and neatly kept. Near the bed in one of the bedrooms there was a nightstand in which the officers found bank deposit slips, a vehicle registration or title document, a bill of sale for a pistol and a number of envelopes, all in Wheatley's name. The pistol which was described in the bill of sale was also in the nightstand. On the floor nearby was a sack of marijuana. Marijuana in substantial quantities was also found in the kitchen and the basement.

After the search the officers left by the front door which was resecured. They established a vigil close by and in about 25 minutes Wheatley drove up in the automobile described in the vehicle document found in the nightstand. He parked in front and entered the house, whereupon the officers arrested him.

Wheatley's assignments of error present two questions: Was there sufficient evidence to establish possession, and did the trial court err in admitting evidence of the "street" value of the marijuana seized?

Possession can be either actual or constructive. As was said in *State v. Callahan,* 77 Wn.2d 27, 29, 459 P.2d 400 (1969):

Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods

are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods. *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1957).

In this case, the jury was entitled to find that the house was Wheatley's residence and that he exercised dominion and control over it. With one exception, all of the facts pointed to his living there. The exception was the other bedroom which contained a mattress on the floor and piles of clothing in the closet. The name "Downey" was inscribed on some of these clothes. Although this is hardly enough to establish that there was another person residing in the house, it would not have mattered if there were, because exclusive control by Wheatley was not necessary. *State v. Weiss,* 73 Wn.2d 372, 438 P.2d 610 (1968). The jury could reasonably find on the evidence presented that Wheatley was in constructive possession of the premises and the contraband therein. *State v. Weiss, supra; State v. Hults,* 9 Wn. App. 297, 513 P. 2d 89 (1973); *State v. Emerson,* 5 Wn. App. 630, 489 P.2d 1138 (1971).

Wheatley's contention that evidence of the value of the marijuana was irrelevant is unsound. Actually, the testimony that the marijuana seized in the house could be sold on the street for about $700 tended to prove that Wheatley occupied the house alone, or, at most, with someone closely associated with him. Normally, a person does not leave valuable property unsecured in a house if a number of persons have access to it. Exclusion of others is one of the marks of dominion and control. *State v. Edwards,* 9 Wn. App. 688, 514 P.2d 192 (1973).

The judgment is affirmed.

JAMES and CALLOW, JJ., concur.

Petition for rehearing denied April 25, 1974.