[No. 1741-2.    Division Two.    September 29, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. HARVEY O'DELL
CLAYBOURNE, *Appellant*.

*Lawrence W. Moore*, for appellant.

*Donald F. Herron, Prosecuting Attorney*, and *Joseph D. Mladinov, Special Counsel*, for respondent.

REED, J.—Harvey Claybourne appeals from a conviction of grand larceny on a charge of stealing a leather coat from the Nordstrom Best store in the Tacoma Mall.

At trial the coat was received in evidence and prosecution witnesses testified to a wholesale value of $80 and to a retail value of $165. Defendant offered no evidence on value.

The sole assignment of error is directed to the judge's refusal to give proffered instructions defining petit larceny

and declaring that such is a lesser-included offense within the crime charged. Defendant's argument is bottomed on the theory that the jury could examine the coat and make their own determination of its value, which they could find to be less than the amounts testified to. We disagree and affirm.

Suffice it to say the defendant misconceives the office of tangible evidence. The coat was offered and received, not as evidence of its value, but for the article itself, *i.e.*, to prove that a coat had been stolen. The coat thereafter served as the foundation for opinion evidence as to its value. Had the State produced no such independent evidence the defendant would be here challenging the sufficiency of the evidence to prove the charge—and he would be sustained. This is the case of the proverbial "two-way street." See 52A C.J.S. *Larceny* §133 b(1) (1968) and *United States v. Wilson*, 284 F. 2d 407 (4th Cir. 1960), in which the government produced no evidence of the value of 72 rifles (claimed to be worth $7,500), and the court said at page 408:

> Nor, in the absence of any proof of value, could the jury be permitted to speculate on this point merely from the appearance of the articles.

*State v. Cohen*, 143 Wash. 464, 255 P. 910 (1927) is dispositive of the issue before us. The antiquity and obscurity of that decision impels us to burden the reader by publication of the present opinion.

In *Cohen* the court states that petit larceny is, of course, an included offense in the charge of grand larceny and should be presented to the jury if the evidence in the case presents a conflict as to the value of the thing taken. There being no conflict in the evidence in the *Cohen* case, the court went on to state at page 467:

> It is plain to be seen that, to adopt the rule prayed for by appellant, would require the submission in every grand larceny case of the lesser crime of petit larceny, no matter what the value of the article, because the jury, having seen the article, might say that it was worth less

than twenty-five dollars. . . . We are not disposed to adopt such a rule . . .

In *People v. Irrizari*, 5 N.Y.2d 142, 146, 156 N.E.2d 69 (1959), the New York Court of Appeals addressed the value question in these words:

In short, market value, . . . denotes not the value of the goods in the market in which the owner had purchased them or in which he could replace them, but the value in the market in which the goods were being traded, namely, the price at which they would probably have been sold in the regular course of business at the time when and the place where they were stolen.

*State v. Miller*, 5 Wn. App. 422, 487 P.2d 640 (1971) and the other decisions cited by defendant are distinguishable on their facts. A court should instruct on a lesser-included offense only when the evidence is such as to make it a question for the jury, as to which of two or more included offenses has been committed. *State v. Dolan*, 17 Wash. 499, 50 P. 472 (1897); *State v. Young*, 22 Wash. 273, 60 P. 650 (1900); *State v. Gottstein*, 111 Wash. 600, 191 P. 766 (1920); *State v. Donofrio*, 141 Wash. 132, 250 P. 951 (1926); *State v. Birdwell*, 6 Wn. App. 284, 297, 492 P.2d 249 (1972). The only value evidence in this case was that produced by the State.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied October 16, 1975.