[No. 2680–2. Division Two. November 10, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED WALLACE WEST, ET AL, *Appellants*.

*Ben Shafton* of *Clark County Legal Defender,* for appellants.

*James E. Carty, Prosecuting Attorney,* and *Alfred A. Bennett, Deputy,* for respondent.

PEARSON, C.J.—Defendants West and Sipes[1] were convicted of attempted second–degree burglary and possession of burglary tools. On appeal, they contend that (1) the trial court erred by refusing to grant their motions to dismiss for lack of sufficient evidence, and (2) the trial court erred by refusing to instruct the jury that criminal trespass in the second degree is a lesser–included offense of attempted second–degree burglary. We disagree and affirm the judgment.

West and Sipes were arrested on the evening of August 4, 1976, near the rear delivery door of a supermarket in Vancouver, Washington. The arresting officers were called to the scene by a neighbor, who became suspicious when he

---

[1]Sipes was charged under that name, which he had given to the police, but contends his real name is Cleere.

saw two men furtively making their way around the back of the market approximately one–half hour after closing. While waiting for the sheriff's deputies to arrive, the neighbor drove by the market in his car. He saw a man with shoulder–length hair, later identified as West, acting as a lookout for Sipes, who appeared to be prying open the market's back door with a wrecking bar.

Shortly thereafter the deputies arrived and arrested the defendants as they attempted to flee. Sipes was wearing brown cotton gloves when arrested, and a pair of similar gloves was found nearby. Lying on the ground next to the back door of the market were a sledge hammer, a wrecking bar, and a large iron chisel. Several feet away the deputies found a suitcase containing a small iron chisel, a medium–sized iron chisel, and a saw. There were several indentation marks in the door which the store owner said had not been there previously.

No tests were made to determine whether the marks in the door were made by the tools. No fingerprints or other identifying marks could be found on the suitcase or tools. Furthermore, the neighbor admitted under cross–examination that when he first observed the defendants, he did not see them carrying anything. The defendants themselves made no statements and did not testify.

■ The defense claims that the foregoing facts are insufficient evidence of possession of burglary tools because there was no showing of actual or constructive possession by West or Sipes. We disagree. The neighbor's observation of Sipes using a wrecking bar to pry open the door, together with his presence in the exact area where the tools were discovered moments later, constitutes sufficient direct and circumstantial evidence of his actual or constructive possession of the tools. *State v. McDonald,* 74 Wn.2d 474, 445 P.2d 345 (1968).

*State v. Callahan,* 77 Wn.2d 27, 459 P.2d 400 (1969), cited by defendants is distinguishable. In *Callahan* the court held that a momentary handling of narcotics does not establish actual possession. No evidence was introduced to

show that the defendant had exercised common control over the contraband or the premises on which it was found. The contraband was, in fact, owned by another. In this case Sipes was observed in physical control of one tool and using it. He and defendant West, who was a direct participant in the attempted break–in, were observed in the place where the tools were found. No one else was seen in the area during the entire episode; the defendants were apprehended soon after they were observed and before they could leave. These circumstances permit a reasonable inference that both parties were in actual possession of the tools. At the very least, the circumstances permitted a reasonable inference that the parties had joint constructive possession[2] of the tools by virtue of their joint participation in the crime and their dominion and control over the tools at the time of the crime. *See State v. McDonald, supra; State v. Wheatley,* 10 Wn. App. 777, 519 P.2d 1001 (1974).

---

[2]It is now the accepted rule that:

Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods. *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1957).

*State v. Callahan,* 77 Wn.2d 27, 29, 459 P.2d 400 (1969).

There is no question that Sipes had actual possession of one of the tools; direct evidence shows that he possessed the wrecking bar. *See State v. Werry,* 6 Wn. App. 540, 494 P.2d 1002 (1972); *State v. Emerson,* 5 Wn. App. 630, 634–35, 489 P.2d 1138 (1971). As to the remaining tools, the *circumstantial* evidence warranted an inference that both West and Sipes either actually possessed the tools at the time they were seen, or the circumstantial evidence was sufficient to warrant a reasonable inference that both defendants had dominion and control over the tools at the time of the attempted entry. *See State v. Turner,* 4 Wn. App. 448, 481 P.2d 906 (1971).

As our Supreme Court recently stated,

[T]he cumulative effect of a number of factors may be a strong indication of constructive possession. That is, we will look at the *totality of the situation* to determine if there is substantial evidence tending to establish circumstances from which the jury can reasonably infer that the defendant had dominion and control of the drugs and thus was in constructive possession of them.

*State v. Partin,* 88 Wn.2d 899, 907, 567 P.2d 1136 (1977). *See also State v. Hults,* 9 Wn. App. 297, 307–08, 513 P.2d 89 (1973) (Pearson, C.J., dissenting).

The defendants next contend that the evidence of intent was insufficient to prove attempted second–degree burglary. The crime of attempted second–degree burglary consists of the following elements:

(1)  An act which is a substantial step toward
   (a)  entering or remaining unlawfully
   (b)  in a building
   (c)  with intent to commit a crime against a person or property therein

(2)  with intent to so enter or remain unlawfully. RCW 9A.28.020, .52.030.

█ Criminal intent may be inferred from conduct if it is plainly indicated as a matter of logical probability. *State v. Lewis,* 69 Wn.2d 120, 124, 417 P.2d 618 (1966); *see State v. Davis,* 73 Wn.2d 271, 289, 438 P.2d 185 (1968). The defendants here were observed lurking near the rear entry of a supermarket which had been locked for the evening. Sipes placed a crowbar in the door and attempted to pry it open while West kept a lookout. When the police arrived, the pair tried to flee. Sipes was found to be wearing workman's gloves. Another pair of gloves was found nearby, together with a number of tools typically used by burglars. Inspection of the market's back door showed several recent pry marks. Drawing the inferences from the facts in the light most favorable to the prosecution, *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971), it is clear that there is substantial evidence from which a jury could conclude that the defendants intended to "commit a crime against a person or property" in the supermarket building and that they intended to commit a burglary. *See also State v. Braxton,* 10 Wn. App. 1, 516 P.2d 771 (1973).

█ Lastly, defendants assign error to the trial court's refusal to instruct the jury on second–degree criminal trespass. A criminal defendant is entitled to a jury instruction if (a) there is a lesser offense necessarily included in the offense charged, and (b) there is sufficient evidence upon

which the jury could make a finding as to the lesser–included offense. *State v. Claybourne,* 14 Wn. App. 314, 316, 541 P.2d 1230 (1975); *State v. Barr,* 1 Wn. App. 109, 111, 459 P.2d 981 (1969). *See State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967). The trial court properly refused the defendant's proposed instruction because criminal trespass in the second degree is not a lesser–included offense in *attempted* second–degree burglary.

■■ "A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense." *State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973). Criminal trespass is not a lesser–included offense in attempted burglary because an attempt does not necessarily involve a criminal trespass. Only a "substantial step" toward committing a burglary is required. RCW 9A.28.020. While an attempted burglary often involves a criminal trespass, a substantial step toward committing a burglary may be made without necessarily committing a criminal trespass.

For example, in *People v. Gibson,* 94 Cal. App. 2d 468, 210 P.2d 747 (1949), a conviction for attempted second–degree burglary was upheld where the defendant was arrested in an alleyway near the rear of a store, where he had placed a ladder on the ground, parallel to a building, and was observed looking up at the building. There was no showing that the defendant ever encroached on the premises. *See also Rumfelt v. United States,* 445 F.2d 134 (7th Cir. 1971), *cert. denied,* 404 U.S. 853, 30 L. Ed. 2d 94, 92 S. Ct. 92 (1971) (defendant, armed with rifle and masked, forced hostage to accompany him to bank; the bank door was locked and defendant fled without entering premises); *People v. Sullivan,* 173 N.Y. 122, 65 N.E. 989 (1903) (defendant was arrested while reconnoitering building and in possession of burglary tools); *Model Penal Code* § 5.01(2), U.L.A. 499 (1974).

Judgment affirmed.

PETRIE and REED, JJ., concur.

Reconsideration denied November 23, 1977.

Review denied by Supreme Court May 12, 1978.