[No. 44859-5-I. Division One. August 6, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY K., *Appellant*.

---

[18] *Id.* at 27.

[20] CP at 25 (emphasis added).

*Cheryl D. Aza* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Cynthia S.C. Gannett* and *David M. Seaver, Deputies*, for respondent.

KENNEDY, J. — At issue in this case is whether Timothy K.'s adjudication of guilt and sentencing for both malicious mischief in the second degree and malicious harassment violates prohibitions against double jeopardy, in that both offenses are based on the same conduct. Because we conclude that the Legislature authorized punishment for both offenses, we affirm.

## FACTS

In the early morning hours of September 2, 1998, M.'s parked truck was damaged when an occupant of a passing Chrysler New Yorker leaned out of the vehicle and repeatedly hit the grille and front fender of the truck with a pair of pliers. This occurred outside the home of M. and W., a gay couple.

The police connected the Chrysler with Timothy K. after they learned that the car was registered to his mother.

Sergeant Henry Simon took a written statement from Timothy, during which he admitted to driving the car during the early morning hours of September 2, in the company of his friend, J.C. Timothy told the officer that the car was his, that it was his means of transportation, that he did not lend the car to anyone that night, and that no one else used the vehicle.

Timothy was charged by amended information with malicious mischief in the second degree and malicious harassment. At trial, M. testified that he had seen Timothy's car pass in front of his house on many previous occasions, and that he had repeatedly heard derogatory comments, such as "fucking faggots," coming from the car, although no such comments were heard on September 2. M. testified that on September 2, he saw the Chrysler slow down as it passed his truck, and saw the passenger lean out to strike his truck with a pair of pliers. W. testified that he had seen the car numerous times in the past, often late at night, parked at a house down the street, and that he, too, had heard homophobic expletives coming from the car.

The juvenile court found Timothy guilty of both charged counts, and the sentencing judge imposed a standard range disposition on each offense, to be served consecutively. Timothy appeals.

## DISCUSSION

Timothy argues that his adjudication of guilt and punishment for malicious harassment and malicious mischief in the second degree violates prohibitions against double jeopardy because both charges are based on the same conduct. He maintains that his adjudication of guilt for the malicious mischief charge must be reversed because that charge contains no elements that are not also necessarily proved by an adjudication of guilt for malicious harassment.

■■ The double jeopardy clauses of the Fifth Amendment and article I, section 9 of the state constitution

prohibit multiple punishments for the same offense. *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995) (citing *State v. Noltie*, 116 Wn.2d 831, 848, 809 P.2d 190 (1991)). "Within constitutional constraints, the legislative branch has the power to define criminal conduct and assign punishment for such conduct. Therefore, the question whether punishments imposed by a court, following conviction upon criminal charges, are unconstitutionally multiple cannot be resolved without determining what punishments the legislative branch has authorized." *Id.* at 776 (citing *Whalen v. United States*, 445 U.S. 684, 688-89, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980)).

 To determine whether our Legislature authorized punishment for malicious harassment and second degree malicious mischief, both arising out of the same conduct, we are guided by our Supreme Court's detailed analysis in *Calle*. There, the Court outlined a three-pronged test for determining legislative intent. First, if the express language of the statutes allows for or prohibits convictions for each charge arising out of the same act, that ends the inquiry. 125 Wn.2d at 776. Second, if the express language is silent, then under the "same evidence" or the *Blockburger*[1] rule of statutory construction, if each offense, as charged, includes elements not included in the other, there is a strong presumption that the Legislature authorized multiple punishments for the charges. 125 Wn.2d at 776-81. And third, notwithstanding such presumption, if there is clear evidence of a contrary legislative intent, then that contrary intent controls. *Id.* at 778-81.

In this case, Timothy was adjudicated guilty of both malicious mischief in the second degree[2] and malicious harassment.[3] While it is true that the malicious harass-

---

[1] *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

[2] RCW 9A.48.080(1)(a) states that a "person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously . . . [c]auses physical damage to the property of another in an amount exceeding two hundred fifty dollars[.]"

[3] The relevant part of RCW 9A.36.080(1)(b) states that a "person is guilty of malicious harassment if he or she maliciously and intentionally[,] . . . because of

ment statute contains an antimerger clause stating that "[e]very person who commits another crime during the commission of a crime under this section may be punished and prosecuted for the other crime separately" (RCW 9A.36.080(5)), Timothy contends that second degree malicious mischief does not qualify as "another crime" for purposes of the clause. Accordingly, we proceed with our analysis.

> "In order to be the 'same offense' for purposes of double jeopardy[,] the offenses must be the same in law and in fact. If there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses."

*Calle*, 125 Wn.2d at 777 (quoting *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983)). In this case, both the malicious harassment offense and the second degree malicious mischief offense require proof of an element not found in the other offense. Malicious harassment requires proof that the act was committed because of the actor's perception of the victim's sexual orientation, whereas second degree malicious mischief requires proof that the act resulted in damage to property in excess of $250.

Timothy contends in a footnote contained in his brief that the $250 damage requirement found in the second degree malicious mischief offense is something short of an element because it "is unrelated to the guilt of a defendant and is simply a [l]egislative distinction for determining the degree of malicious mischief in a particular case."[4] This contention does not survive scrutiny. The sum of the damage caused is precisely what determines the degree of the offense, and for that reason is a true element that must be proved beyond a reasonable doubt. If the damage caused exceeds $1,500, the

---

his or her perception of the victim's . . . sexual orientation, . . . [c]auses physical damage to or destruction of the property of the victim or another person[.]"

[4] *See State v. Johnson*, 69 Wn. App. 189, 194 n.4, 847 P.2d 960 (1993) ("[P]lacing an argument of this nature in a footnote is, at best, ambiguous or equivocal as to whether the issue is truly intended to be part of the appeal.").

offense is first degree malicious mischief, punishable as a class B felony. If the damage caused exceeds $250 but not $1,500, the offense is second degree malicious mischief, punishable as a class C felony. Finally, if the damage caused does not exceed $250, the offense is third degree malicious mischief, punishable as a gross misdemeanor.[5]

Timothy also relies on *State v. Lynch*, wherein we held that convictions of both malicious harassment and fourth degree (simple) assault violated double jeopardy, as the crimes charged were identical in fact, and proof of malicious harassment as charged under RCW 9A.36.080(1)(a) would always necessarily establish a fourth degree (simple) assault. 93 Wn. App. 716, 724-25, 970 P.2d 769 (1999). This holding was notwithstanding the malicious harassment statute's antimerger clause.[6] We reasoned that the "Legislature intended only to permit punishment of separate charges for other crimes committed during the commission of malicious harassment." *Id.* at 726.

Timothy's reliance on *Lynch* is misplaced. In *Lynch*, we explicitly recognized that higher degrees of a substantive offense could provide the necessary element, not otherwise found in the simple substantive offense, to avoid a situation of double jeopardy. We noted that "potential cases of malicious harassment exist that require proof of elements other than those included in a mere simple assault; i.e.[,] higher degrees of assault, or various degrees of murder or attempted murder. But that is not the case here." 93 Wn. App. at 724 n.17. The instant appeal *is* that case. Timothy was charged and adjudicated guilty of second degree malicious mischief. This offense requires proof of physical damage in an amount exceeding $250, whereas third degree simple malicious mischief has no such monetary element. While an

---

[5] If the charge had been third degree simple malicious mischief, which does not require proof of a predicate amount of monetary damage, Timothy could very well have a valid double jeopardy argument. *See State v. Lynch*, 93 Wn. App. 716, 724 n.17, 970 P.2d 769 (1999), and discussion *infra*.

[6] RCW 9A.36.080(5) states that "[e]very person who commits another crime during the commission of a crime under this section may be punished and prosecuted for the other crime separately."

adjudication of guilt for malicious harassment under RCW 9A.36.080(1)(b) may necessarily also prove third degree malicious mischief, the same cannot be said for second degree malicious mischief. We conclude that second degree malicious mischief is precisely the type of "other crime committed during the commission of malicious harassment" that is referred to in the antimerger clause.

This conclusion is confirmed by the last prong of the analysis, in which we examine whether there is clear evidence of a contrary legislative intent.

The *Calle* court said that "differing purposes served" by two statutes, "as well as their location in different chapters of the criminal code, are evidence of the Legislature's intent to punish them as separate offenses." 125 Wn.2d at 780. Here, the purposes served by the two statutes support, rather than contradict, a conclusion that the Legislature intended to punish second degree malicious mischief and malicious harassment as separate offenses. The malicious mischief offense is located in chapter 9A.48 RCW, entitled "Arson, Reckless Burning, and Malicious Mischief." The offenses contained in this chapter evidence an intent to prohibit offenses against property—an interpretation that is supported by the chapter's definition of "damages," which includes "any charring, scorching, burning, or breaking, or agricultural or industrial sabotage, and shall include any diminution in the value of any property as a consequence of an act." RCW 9A.48.010(1)(b).

Conversely, the malicious harassment offense is found in chapter 9A.36 RCW, entitled "Assault—Physical Harm." The offenses contained in this chapter evidence an intent to prohibit offenses against the person. Here, it is no response that Timothy's prosecution for malicious harassment was predicated on physical property damage, and thus no different from the offenses found in chapter 9A.48 RCW, as the Legislature, in enacting the malicious harassment statute, explicitly found that prosecutions for crimes such as malicious mischief do not in and of themselves adequately protect citizens from hate crimes:

> The legislature finds that the state interest in preventing crimes and threats motivated by bigotry and bias goes beyond the state interest in preventing other felonies or misdemeanors such as criminal trespass, malicious mischief, assault, or other crimes that are not motivated by hatred, bigotry, and bias, and that the prosecution of those other crimes inadequately protects citizens from crimes and threats motivated by bigotry and bias. Therefore, the legislature finds that the protection of those citizens from threats of harm due to bias and bigotry is a compelling state interest.

RCW 9A.36.078.

The Legislature could hardly have been clearer in expressing its intent that malicious harassment be punished separately. And so we conclude that second degree malicious mischief is "another crime" within the meaning of the antimerger clause contained in the malicious harassment statute, which states that "[e]very person who commits another crime during the commission of a crime under this section may be punished and prosecuted for the other crime separately." RCW 9A.36.080(5). We hold that the Legislature intended the crime of malicious harassment to be prosecuted and punished independently from malicious mischief in the second degree. Accordingly, Timothy's prosecution, adjudication and punishment for both offenses were not a violation of double jeopardy, and we affirm the court's judgment and sentence.

The remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports but will be filed of public record in accord with RCW 2.06.040.

COLEMAN and ELLINGTON, JJ., concur.