IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30805-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIRT ANTHONY MCPHERSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — This appeal challenges the sufficiency of the evidence to support

three of Kirt McPherson's six convictions from an incident occurring January 27, 2012,

and also the sentence imposed by the court. We reverse one conviction and remand for

resentencing.

FACTS

A jury convicted Mr. McPherson of six counts: second degree malicious mischief,

reckless driving, and four counts of second degree assault with a deadly weapon. This

appeal challenges the malicious mischief conviction and two of the assault counts.

Mr. McPherson's girl friend, Ms. Tuck, was friends with Ms. Demintieff. Tuck

brought her daughter, T.M., to play with Ms. Demintieff's daughter. McPherson later

picked up T.M. and brought her home, but Tuck spent the night at Ms. Demintieff's house. McPherson picked her up the following morning.

Around 4:20 pm that afternoon, Ms. Tuck called Ms. Demintieff and requested a ride. Ms. Demintieff put her two children in her boyfriend's truck and went to pick up Ms. Tuck. When she arrived at Mt. Adams highway and Ladiges Lane, Ms. Tuck was standing in the snow on the side of the road next to a fence. Kirt McPherson was there in his truck.

Mr. McPherson was stopped initially, but then he drove toward Ms. Demintieff, turning onto a road. Ms. Demintieff indicated that by the way he turned, he seemed angry. Ms. Demintieff continued driving past Ms. Tuck to allow Ms. Tuck more time to walk. Ms. Demintieff then went back to the intersection of Mt. Adams and Ladiges, and waited. Ms. Demintieff saw Ms. Tuck, much where she was before, screaming and appearing terrified. Mr. McPherson was revving the motor of his truck. He again drove toward Ms. Demintieff a ways and then stopped 20 to 25 feet away from her truck. Ms. Demintieff testified that her son had become upset. After Mr. McPherson stopped, he again began to rev his motor, and yelled at Ms. Demintieff, though she couldn't hear what he said. At that point he drove at Ms. Demintieff's truck "fairly fast" and hit the front driver's side of her truck, then backed up and yelled at her to "get the hell out of there." Demintieff left.

2

The impact damaged the late model Ford F250 truck Ms. Demintieff was driving. There was a dent in the front driver's side fender, the front driver's side tire was damaged, the bumper was shoved over, and the tie rod was bent. The truck was never repaired, but rather sold "as-is." No testimony concerning the cost of repairs or of the diminution of value to the truck was presented to the jury. The State argued that the jury could infer from its own experience that the amount of damage was over $750.

After receiving a standard range sentence, Mr. McPherson timely appealed to this court.

## ANALYSIS

The sole issues we will address involve Mr. McPherson's challenges to the sufficiency of the evidence of the malicious mischief charge and the two counts involving Ms. Demintieff's children.[1] We reverse the former count and affirm the latter.

Well settled case authority governs review of this issue. A reviewing court does not weigh evidence or sift through competing testimony. Instead, the question presented is whether there is sufficient evidence to support the jury's determination that each element of the crime was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216,

---

[1] Mr. McPherson also presents two sentencing arguments; the State concedes error on both matters. As resentencing is required by our decision, we do not need to further address those claims, although we note that RCW 9.94A.530(2) will govern the scope of the sentencing hearing. *See State v. Tewee*, ___ Wn. App.___, 309 P.3d 791 (2013).

3

221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Id.*

*Malicious Mischief.* As charged here, to establish second degree malicious mischief the State was required to prove that Mr. McPherson knowingly and maliciously caused physical damage in an amount exceeding seven hundred fifty dollars ($750) to the property of another. It is conceded that no evidence of valuation was presented to the jury. Instead, the case was argued to the jury on the notion that the damages described were sufficient for the jury in its collective experience to conclude were in excess of the statutory limits. The jury was also instructed on the included offense of third degree malicious mischief for which the State was not required to prove any damage value. The jury did not reach that instruction because it found Mr. McPherson guilty on the greater offense.

Under the malicious mischief statute, "damages" includes both "its ordinary meaning" as well as "any diminution in the value of any property as a consequence of an act." RCW 9A.48.010(1)(b). Although we share the jury's view that the described damages undoubtedly exceeded $750, we believe that the State was still required to present evidence of valuation. It could have been in the form of damage repair estimates from a body shop or insurance adjustor, or it could have been evidence showing the diminution in value such as the sale price of the truck "as is" compared with the book value of the truck without the damages.

4

Our case law confirms that valuation cannot be established by speculation. The value damaged by the malicious act "is a true element" of malicious mischief "that must be proved beyond a reasonable doubt." *State v. Timothy K.*, 107 Wn. App. 784, 789, 27 P.3d 1263 (2001). Proof of value typically comes in the form of testimony from witnesses. *State v. Claybourne*, 14 Wn. App. 314, 541 P.2d 1230 (1975). While a stolen (or damaged) item has evidentiary value to the jury, it does so only as a foundation for the proof of its valuation. *Id.* at 315-16 (citing *State v. Cohen*, 143 Wash. 464, 255 P. 910 (1927)). The *Claybourne* court also recognized:

> Nor, in the absence of any proof of value, could the jury be permitted to speculate on this point merely from the appearance of the articles.

*Id.* at 315 (citing *United States v. Wilson*, 284 F. 2d 407 (4th Cir. 1960)).

In other words, while evidence may establish what or how badly an item was damaged, the valuation of that damage is a separate item of proof. There needed to be some proof of how much the value of the truck was diminished by the injuries inflicted on it, or evidence of what repairing the damage would have cost. RCW 9A.48.010(1)(b). Because that was not done here, the jury could only have speculated on the amount it would have taken to fix the truck. The evidence was insufficient to support the valuation element of the second degree malicious mischief charge.

When the evidence is insufficient to support a crime, but is sufficient to support a conviction for a lesser degree crime, an appellate court may direct the trial court to enter

judgment on the lesser offense. *In re Pers. Restraint of Heidari*, 174 Wn.2d 288, 292, 274 P.3d 366 (2012). It may do so only if the jury was instructed on the lesser offense and the jury's verdict necessarily established each element of the lesser crime. *Id.* at 292-96. That is the situation here. The jury was instructed on the lesser offense of third degree malicious mischief for which no value needed to be proven. *Timothy K.*, 107 Wn. App. at 790 n.5. The jury did conclude that Mr. McPherson knowingly and maliciously damaged the property of another. Thus, the crime of third degree malicious mischief was established.

We reverse the conviction for second degree malicious mischief and remand for resentencing on the lesser degree offense of third degree malicious mischief.

*Assault Convictions.* Mr. McPherson also challenges the two second degree assault convictions involving Ms. Demintieff's children, arguing that his intent to injure her cannot be transferred to the children. We believe this argument is misdirected.

As charged here, the prosecution was required to prove that Mr. McPherson assaulted each of the victims with a deadly weapon—his truck. Assault was defined for the jury as an attempted battery or the intentional infliction of apprehension and fear of bodily injury.[2] The jury also was instructed that a person acts "intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime."[3]

---

[2] Instruction 12; Clerk's Papers (CP) at 85.
[3] Instruction 13; CP at 86.

Mr. McPherson argues that because he did not know the children were in the truck when he attacked, he could not be guilty of assaulting them because he only intended to assault Ms. Demintieff and that intent could not be transferred to her children. Whether or not Mr. McPherson knew the children were in the truck was a question for the jury to decide. If Ms. Demintieff's son could see and hear Mr. McPherson before the ramming to the extent that he was upset, the jury could likewise conclude that Mr. McPherson could see the children. The evidence does not suggest that there was a reason Mr. McPherson could not see the children. It was sufficient to allow the jury to consider the issue.

This was not a case of transferred intent. Mr. McPherson attacked the truck with the intent to injure its occupants. That was the act he intentionally undertook knowing that it would constitute a crime. That intent applied to each of the named victims without need to transfer a specific intent from one undisputed victim to the others. If the jury believed that he did not know the children were in the truck, then it would have acquitted him of attempted battery. The evidence supports the jury's determination that Mr. McPherson intentionally assaulted the children in the truck he was ramming.

Accordingly, the evidence did support the jury's assault verdicts.

No. 30805-7-III
*State v. McPherson*

Affirmed in part, reversed in part, and remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Brown, J.                                Kulik, J.