FILED
COURT OF APPEALS
DIVISION II

2014 FEB 11 AM 8: 40

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44955-2-II |
| Respondent, | |
| v. | |
| CRAIG STEWART, | UNPUBLISHED OPINION |
| Appellant. | |

Penoyar, J. — Craig Stewart appeals his attempted residential burglary conviction. He argues that there is insufficient evidence to support his conviction. Because there is sufficient evidence of each of the elements of this offense, we affirm.

## FACTS

On December 18, 2012, at approximately 1:00 P.M., while at home taking care of her three children, Tanya Chukhriy heard the doorbell ring multiple times. Chukhriy looked through the peep hole and saw a man, later identified as Stewart, standing on the porch. Chukhriy did not recognize him and decided not to answer the door. Stewart continued to ring the doorbell and Chukhriy saw Stewart pull his hood over his head and put on sunglasses. Stewart proceeded to another door near the garage, opened the screen door and began hitting and turning the door knob of the interior door. Stewart then paced outside the house, peeking in windows and shaking the front door. Chukhriy called 911. While Chukhriy was on the phone with 911, Stewart went into the backyard. Attempting to locate Stewart, Chukhriy walked toward a glass door that faces the backyard when a rock flew through the glass and grazed her arm. Chukhriy locked herself in a bedroom with her children. Officers arrived and were unable to locate the suspect.

Later that afternoon, officers arrested Stewart about one mile from Chukhriy's house. Stewart matched the description of the suspect and was wearing a dark rain jacket with a hood. Officers located sunglasses in his pocket. Chukhriy positively identified Stewart as the suspect.

The State charged Stewart with attempted residential burglary (count one), alleging an aggravating factor that the victim of the attempted burglary was in the residence during the commission of the crime, and third degree malicious mischief (count two).

A jury found Stewart guilty of attempted residential burglary and third degree malicious mischief. The jury affirmed the special allegation. The court sentenced Stewart to 30 months of confinement for count one, and a suspended sentence of 364 days for count two.[1] Stewart appeals.

## ANALYSIS

I.    SUFFICIENCY OF THE EVIDENCE

Stewart argues that there is insufficient evidence to support his attempted residential burglary conviction. Specifically, Stewart argues the State did not prove he attempted to enter the house with the intent to commit a crime therein because the evidence presented at trial created an alternate inference that Stewart only intended to commit vandalism. This argument fails.

Evidence is legally sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Montgomery*, 163 Wn.2d 577, 586, 183 P.3d 267 (2008) (citing *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980)). We interpret all

---

[1] Stewart does not appeal count two.

reasonable inferences in the State's favor. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). Direct and circumstantial evidence carry the same weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). Credibility determinations are for the trier of fact and are not subject to review. *State v. Cantu*, 156 Wn.2d 819, 831, 132 P.3d 725 (2006).

"A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025(1). "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). Attempted residential burglary requires the State to prove a substantial step toward and the intent to commit residential burglary. *State v. Bencivenga*, 137 Wn.2d 703, 707, 974 P.2d 832 (1999) (citing *State v. Aumick*, 126 Wn.2d 422, 429-30, 894 P.2d 1325 (1995)). Therefore, the State must prove a person, with the intent to commit the crime of residential burglary, performed an act that was a substantial step toward entering or remaining unlawfully in a dwelling with the intent to commit a crime against a person or property therein. *State v. West*, 18 Wn. App. 686, 690, 571 P.2d 237 (1977).

"Intent to attempt a crime . . . may be inferred from all the facts and circumstances." *Bencivenga*, 137 Wn.2d at 709. "'The jury is permitted to infer from one fact[,] the existence of another essential to guilt, if reason and experience support the inference.'" *State v. Jackson*, 112 Wn.2d 867, 875, 774 P.2d 1211 (1989) (quoting *Tot v. United States*, 319 U.S. 463, 467, 63 S. Ct. 1241, 87 L. Ed. 1519 (1943)). "Just because there are hypothetically rational alternative

conclusions to be drawn from the proven facts, the fact finder is not lawfully barred against discarding one possible inference when it concludes such inference unreasonable under the circumstances." *Bencivenga*, 137 Wn.2d at 708. In fact, "[a]n essential function of the fact finder is to discount theories which it determines unreasonable." *Bencivenga*, 137 Wn.2d at 709.

Stewart argues that there is insufficient evidence to show he acted with the intent to commit a crime against a person or property therein because the evidence presented at trial created an alternate inference that Stewart only intended to commit vandalism. Here, while there may be an alternate inference, the jury rejected it, inferring rather that Stewart had the intent to commit a crime within the house. The evidence amply supported this inference: there was evidence that Stewart rang the doorbell a number of times, pulled a hood over his head, put on sunglasses, circled the house, attempted to open multiple doors to the house, and threw a rock through the glass door in the backyard. The jury's inference is not irrational. *See Bencivenga*, 137 Wn.2d at 709 (holding that a man dressed in dark clothing, attempting to pry open the door of a KFC at 3:30 AM in a snowstorm was sufficient evidence for a jury to infer that he intended to commit a crime within the KFC rather than his claim that he was prying the door open to win a bet). There was sufficient evidence for a trier of fact to rationally infer that Stewart intended to commit a crime within the dwelling. We affirm Stewart's conviction.

4

44955-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Johanson, A.C.J.

_____
Maxa, J.

5