IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38167-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STACY ANDREW HAINES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Stacy Haines appeals a felony judgment and sentence pertaining to his convictions for first degree trafficking in stolen property and first degree malicious mischief. Mr. Haines does not assign error to three related convictions for second degree burglary. We affirm Mr. Haines's stolen property conviction but reverse the first degree malicious mischief conviction as the State failed to prove the requisite amount of damage to property. We remand for resentencing.

FACTS

Shortly after midnight on December 26, 2019, Stacy Haines broke into a convenience store in Bridgeport, Washington, and stole several packs of cigarettes. The store was closed at the time of the break-in but video surveillance captured

Mr. Haines's activities. Among other things, the video showed Mr. Haines placing multiple packs of cigarettes into a shoulder bag.

About an hour later, Mr. Haines went to a second convenience store located less than a mile away. The second store was open to the public and Mr. Haines entered without incident. Once inside the second store, Mr. Haines took five packs of cigarettes out of his bag and traded them with the store clerk. Mr. Haines's actions in the second store were also recorded on video.

Mr. Haines returned to the first convenience store two more times within the next few hours. During these later entries, Mr. Haines stole additional items and caused extensive property damage.

Witnesses recognized Mr. Haines from the store surveillance videos, leading to his arrest on December 28. During a post-arrest statement, Mr. Haines denied any involvement in the break-in of the first store. He claimed the cigarettes traded at the second store had been given to him as a Christmas present.

The State charged Mr. Haines with three counts of second degree burglary, one count of first degree trafficking in stolen property, one count of first degree theft, and one count of first degree malicious mischief. At trial, the State presented evidence that the store lost over $10,000 in stolen and damaged items, but for the most part failed to

differentiate between stolen and damaged property. The State presented evidence of only

$4,412.01 in damaged property. Mr. Haines was convicted of all charges except theft.

Mr. Haines was sentenced to a total term of 84 months in prison, and ordered

to pay a $500 crime victim penalty assessment and $100 DNA (deoxyribonucleic acid)

collection fee. The judgment and sentence form noted the $100 DNA collection fee had

been "previously collected." Clerk's Papers at 200.

Mr. Haines has filed a timely appeal.

## ANALYSIS

*Sufficiency of the evidence*

Mr. Haines challenges the evidentiary sufficiency for his stolen property and

malicious mischief convictions. The State concedes Mr. Haines's challenge as to

malicious mischief, but argues sufficient evidence supports the stolen property

conviction. We agree with the State.

A challenge to the sufficiency of the evidence is reviewed de novo with the State's

evidence presumed to be true. *State v. Berg*, 181 Wn.2d 857, 867, 337 P.3d 310 (2014).

Circumstantial evidence can support a conviction so long as it does not consist solely of

speculation or conjecture. *See Lamphiear v. Skagit Corp.*, 6 Wn. App. 350, 356, 493 P.2d

1018 (1972).

*First degree trafficking in stolen property*

RCW 9A.82.050 defines first degree trafficking in stolen property as:

> (1) A person who knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or who knowingly traffics in stolen property, is guilty of trafficking in stolen property in the first degree.
> (2) Trafficking in stolen property in the first degree is a class B felony.

"'Stolen property' means property that has been obtained by theft, robbery, or extortion."

RCW 9A.82.010(16).

Ample circumstantial evidence supported Mr. Haines's conviction for first degree trafficking in stolen property. Video evidence showed Mr. Haines breaking into the first convenience store and placing packs of cigarettes into his bag. A recording from the second store showed Mr. Haines with a bag full of Marlboro cigarette packs. Video also showed Mr. Haines at the second store taking cigarette packs out of his bag and trading them with the store clerk. Law enforcement subsequently recovered the five packs of Marlboro cigarettes received by the store clerk. A reasonable inference from the foregoing evidence is that the cigarettes provided to the store clerk had been stolen an hour earlier from the first store. While it is possible Mr. Haines had additional cigarettes in his bag that were not purloined through theft, this speculative possibility is not sufficient to defeat the circumstantial evidence supporting the State's case.

4

Sufficient evidence supports Mr. Haines's conviction for first degree trafficking in stolen property.

### First degree malicious mischief

RCW 9A.48.070 defines first degree malicious mischief as:

> (1) A person is guilty of malicious mischief in the first degree if he or she knowingly and maliciously:
> (a) Causes physical damage to the property of another in an amount exceeding five thousand dollars;
> . . . .
> (2) Malicious mischief in the first degree is a class B felony.

"'Damages,' in addition to its ordinary meaning . . . shall include any diminution in the value of any property as the consequence of an act." RCW 9A.48.010(1)(b). "'Physical damage' also includes . . . the cost to repair any physical damage." RCW 9A.48.100(1).

The amount of damage involved in a malicious mischief charge is a fact necessary for punishment that must be proved beyond a reasonable doubt. *State v. Timothy K.*, 107 Wn. App. 784, 789, 27 P.3d 1263 (2001). The amount of damage may be shown through proof of repair costs or diminution of value. RCW 9A.48.010(1)(b); RCW 9A.48.100(1); *State v. Newcomb*, 160 Wn. App. 184, 192, 246 P.3d 1286 (2011). But proof of damage is not by itself sufficient to prove the amount of damage sustained. *See State v. Claybourne*, 14 Wn. App. 314, 315, 541 P.2d 1230 (1975).

The evidence at Mr. Haines's trial included the value of stolen property as well as damaged property. When it came to the damaged property, the State's evidence showed at most $4,412.01 in damages. This does not meet the $5,000 threshold for first degree malicious mischief. The State concedes Mr. Haines's argument and agrees sufficient evidence does not support the conviction for first degree malicious mischief.

Citing *In re Personal Restraint of Heidari*, 174 Wn.2d 288, 294, 274 P.3d 366 (2012), Mr. Haines asserts his malicious mischief conviction must be dismissed with prejudice because the jury was not instructed on a lesser included offense. The State does not disagree with this interpretation of *Heidari* and asks that Mr. Haines be resentenced without regard to the malicious mischief conviction. We accept the State's agreed disposition.

*DNA collection fee*

Mr. Haines contends, and the State agrees, that the trial court should not have imposed a $100 DNA collection fee because Mr. Haines's DNA had previously been collected by the State as a result of a prior conviction. *See* RCW 43.43.7541. The sentencing transcript indicates the trial court included the $100 DNA fee just in case one had not been previously collected. On remand for resentencing, the trial court shall not impose a DNA fee.

CONCLUSION

Mr. Haines's conviction for trafficking in stolen property (count 2) is affirmed. The conviction for first degree malicious mischief (count 6) is reversed with prejudice. This matter is remanded for resentencing as to counts 1, 2, 4, and 5. At resentencing the court shall not impose a $100 DNA fee.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.