

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40955-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYLVESTER CANTU LOPEZ JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Sylvester Lopez Jr. was convicted of malicious mischief in the second degree. He argues there was insufficient evidence admitted at trial to support the conviction. We disagree and affirm.

## BACKGROUND

Mr. Lopez and Angela Banks were formerly in a dating relationship. On August 7, 2022, Mr. Lopez arrived at Ms. Banks' residence, had an "outburst," and broke Ms. Banks' iPhone and Ring camera by throwing them to the ground. Clerk's Papers (CP) at 2. As he departed, Mr. Lopez threw rocks at Ms. Banks' residence,

breaking a window. Mr. Lopez was arrested and charged with malicious mischief in the second degree with an allegation that the offense was committed against an intimate partner.

The case was later settled through a stipulated order of continuance (SOC). In the SOC, the State agreed it would amend the charge of malicious mischief in the second degree to malicious mischief in the third degree if Mr. Lopez complied with the terms of the agreement. Mr. Lopez agreed to waive certain constitutional rights should the SOC be revoked, including the right to contest or object to any evidence presented by the State at a future hearing. The SOC also provided:

> The Defendant understands that by entering this agreement, upon conviction he waives the right to appeal all issues except the voluntariness of this agreement, the reasonableness of the termination of the agreement, the sufficiency of the evidence and an exceptional sentence.

CP at 13.

Walla Walla District Court Probation filed several "Notices of Non-Compliance" with the Walla Walla Superior Court in 2023, alleging that Mr. Lopez had failed to comply with the terms of the SOC. The State eventually moved to revoke the SOC based on Mr. Lopez receiving four new criminal charges and his failure to obtain the required chemical dependency evaluation.

At a hearing on September 4, 2024, the trial court found a sufficient factual basis to revoke the SOC, ruling, "there was a violation of the agreement based—based on that new criminal law violation, and I am finding that that is sufficient grounds for revocation

2

of the agreement." Rep. of Proc. (RP) at 129. The court then proceeded to a fact-finding

hearing. As part of the fact-finding hearing, the court reviewed the affidavit of probable

cause and the investigative report. The probable cause affidavit stated, in part, "[Ms.

Banks] estimated the cost to replace the phone at about $800.00." CP at 2. It further

stated that "[Ms. Banks] estimated the cost to replace [the Ring doorbell camera] at

$200.00." CP at 2. In its written findings, the court wrote:

> 9) The Court finds, as to the underlying crime of Malicious Mischief in the 2nd Degree—Domestic Violence-Intimate Partner, that a review of the Probable Cause affidavit and the investigative report filed by the State to be sufficient for a finding of guilt, pursuant to the terms of the SOC agreed to by the parties.
>
> 10) The Court has reviewed [the] report and [the probable cause affidavit], and finds that the defendant did, during an altercation with his intimate partner, Angela Banks, break her cell phone, which was valued at $800, and a Ring Doorbell Camera, valued at $200. The aggregate value of both items is sufficient to find the defendant guilty of Malicious Mischief in the 2nd degree.

CP at 107-08. The court noted that the cost for Ms. Banks to replace the window was

$500.00 but did not reference the window in its order. The court ultimately found Mr.

Lopez guilty of malicious mischief in the second degree. He was later sentenced.

Mr. Lopez appeals to this court.

ANALYSIS

SUFFICIENCY OF EVIDENCE

Mr. Lopez argues there was insufficient evidence to support a conviction for

malicious mischief in the second degree. We disagree.

The sufficiency of the evidence is a question of law this court is to review de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). In a sufficiency of the evidence challenge, "we review the evidence in the light most favorable to the State to determine 'whether . . . any rational trier of fact could have found guilt beyond a reasonable doubt.'" *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). "A claim of insufficiency admits the truth of the State's evidence and all inferences that can reasonably be drawn from it." *State v. DeVries*, 149 Wn.2d 842, 849, 72 P.3d 748 (2003). "[I]nferences based on circumstantial evidence must be reasonable and cannot be based on speculation." *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

As a preliminary matter, the State argues Mr. Lopez is precluded from appealing the sufficiency of the evidence. We disagree.

The SOC states, in part:

> The Defendant understands that by entering this agreement, upon conviction he waives the right to appeal all issues *except* the voluntariness of this agreement, the reasonableness of the termination of this agreement, *the sufficiency of the evidence* and an exceptional sentence.

CP at 13 (emphasis added). Mr. Lopez did not waive his right to appeal the sufficiency of the evidence.

4

Turning to the merits, Mr. Lopez argues the evidence was insufficient to prove the repair cost for the items.

RCW 9A.48.080 states:

(1) A person is guilty of malicious mischief in the second degree if he or she knowingly and maliciously:

(a) Causes physical damage to the property of another in an amount exceeding seven hundred fifty dollars.

"Damages" includes "any diminution in the value of any property as a consequence of an act." RCW 9A.48.010(b). "Physical damage" includes both "its ordinary meaning" and "any diminution in value of any property as a consequence of an act." RCW 9A.48.100(1). The ordinary meaning of "damages" includes the reasonable cost to restore injured property to its former condition. *State v. Newcomb*, 160 Wn. App. 184, 192, 246 P.3d 1286 (2011). The sum of the damage caused is a true element of the offense that must be proved beyond a reasonable doubt. *State v. Timothy K.*, 107 Wn. App. 784, 789, 27 P.3d 1263 (2001). Proof of value typically comes in the form of witness testimony. *State v. Claybourne*, 14 Wn. App. 314, 314-15, 541 P.2d 1230 (1975).

Here, to convict Mr. Lopez of malicious mischief in the second degree, the State was required to prove he knowingly and maliciously caused physical damage to the property of another in an amount exceeding $750.00.

The parties dispute whether evidence of replacement cost is sufficient to prove diminution of value of the item to be replaced. Diminution of value includes the reasonable cost to restore the injured property to its former condition. When an item is damaged to the extent that restoration to its former condition can only reasonably be accomplished through replacement, it can be inferred that the value of the item has completely diminished. Therefore, a statement of the replacement value is sufficient to describe the reasonable cost to restore the broken property to its former condition.

Here, Ms. Banks claimed her iPhone and Ring camera were "broke[n]," and the cost to replace each would be $800.00 and $200.00 respectively. CP at 2. We must view this evidence in a light most favorable to the State and accept all reasonable inferences from the evidence. One reasonable inference is that the items were damaged beyond repair, thus necessitating replacement.[1]

The evidence establishes the aggregate replacement value of the iPhone and Ring camera exceeds $750.00, thereby meeting the minimum dollar value required for malicious mischief in the second degree. The State's evidence was sufficient to convict Mr. Lopez of malicious mischief in the second degree.

---

[1] Mr. Lopez argues Ms. Banks' estimate of the replacement cost of the iPhone and Ring camera is speculative and that the values listed in the affidavit of probable cause is hearsay. Although Mr. Lopez's evidentiary objections are well taken, Mr. Lopez waived "the right to contest or object to any evidence presented against [him] at any future hearings" when he entered into the SOC. CP at 12.

No. 40955-4-III
*State v. Lopez*

Affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, C.J.

_____
Lawrence-Berrey, J.

7